CHAMPAIGN COUNTY

*v.*

THOMAS A. REED.

*Filed at Springfield March 29, 1883.*

1. TAXATION—*of Illinois Central railroad lands which have been sold by the company, and contract forfeited for non-payment—refunding taxes paid on land not subject to taxation.* Where the contract of the Illinois Central Railroad Company for the sale of land given it by the State has been forfeited for non-payment of any part of the deferred payments, and rightfully canceled by that company, such land thereafter in the hands of the company is not subject to taxation, and a person purchasing such land at tax sale after such forfeiture, and paying subsequent taxes thereon, will be entitled to have the payments so made refunded to him, as provided in section 268, chapter 120, of the Revised Statutes, and may recover the same of the county in which the land is situate.

2. JURISDICTION—*when party estopped from questioning.* Where a party appealed from an order of the county board in refusing to refund to him taxes paid on land not subject to taxation, and judgment was rendered in his favor by the circuit court, and that judgment, on appeal by the county, was reversed for error and the cause remanded, whereupon a second recovery is had against the county: *Held,* that on a second appeal this court would not listen to the objection that the circuit court had no jurisdiction of the subject matter.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. FRANCIS M. WRIGHT, and Mr. M. W. MATTHEWS, for the appellant:

There is no substantial difference in the facts of the case as now presented from its presentation to this court at a

former term, (100 Ill. 304,) and if for no other reason, this court should reverse the judgment on the ground that the matters involved can not be reconsidered in this manner, and are, in effect, *res judicata.* *Rising* v. *Carr,* 70 Ill. 597; *Beveridge* v. *Park Commissioners,* 100 id. 75.

If the purchase money has all been paid the land is taxable. *Champaign County* v. *Reed,* 100 Ill. 306.

In *Illinois Central R. R. Co.* v. *Goodwin,* 94 Ill. 262, the court say: "If the purchase money had all been paid, or it had all been due, and the contract had not been declared forfeited, then, it may be, a different question would have been presented." That is the case we have here. This land was taxed in 1867, and subsequent years, when the purchase money was due, and the contract of sale was not forfeited until June 26, 1877,—ten years afterwards.

Under the provisions of the act of February 16, 1865, there can be no question but what the lots were taxable. It may be conceded that the lots were irregularly sold for taxes, but this gave the board no power in the premises, if the assessment was authorized by law.

That act is not unconstitutional, as its object is to reach the interest of the purchaser of the company,—not the company itself.

The circuit court has no power, on appeal, to exercise the functions of the county board, under the provisions of section 268, chapter 126, of the Revised Statutes.

Mr. J. W. SIM, for the appellee:

In this record it appears that the purchase money of the land had not been paid, and for want of such payment the sale has been declared forfeited, which fact did not appear when the case was here before.

It is claimed that no appeal lies from the county board to the circuit court. Upon this point we refer to section 35, chapter 34, Rev. Stat. 1874.

Where land not taxable is sold for taxes, section 268, chapter 120, of the Revised Statutes, makes provision for the refunding by the county of such money on the application of the person paying the same; and the county board being satisfied of the facts, shall cause the State and county taxes to be refunded, etc., clearly implying that the board sits as a court in the investigation of the claim, and if so, an appeal undoubtedly lies, under section 35, chapter 34, above cited.

That the lands of this railway company are exempt from taxation, see *Illinois Central R. R. Co.* v. *McLean County,* 17 Ill. 291; *Newstadt* v. *Illinois Central R. R. Co.* 31 id. 484; *Illinois Central R. R. Co.* v. *Irwin,* 72 id. 452; *Illinois Central R. R. Co.* v. *Goodwin,* 94 id. 262.

Per CURIAM: The facts of this case are sufficiently stated in the opinion of this court in the same case, reported in 100 Ill. 307. The judgment was there reversed and the cause remanded because it did not sufficiently appear from the record that the purchase money had not been paid, and that the contract for the sale of the land by the Illinois Central railroad, to John C. Smith, had been forfeited and canceled. It now appears that said contract was, in 1877, forfeited and canceled, and that no part of the principal of the deferred payments was ever paid, and hence, for the reasons stated in the former opinion, the land in question was not subject to taxation. Not being subject to taxation, Reed, who purchased the same at a tax sale, and who has since paid taxes thereon, is entitled to be refunded the same, as provided by section 268, chapter 120, Revised Statutes of Illinois. Application was made to the county board by Reed for the repayment to him, as provided in section 35, chapter 34, of the Revised Statutes. His claim being disallowed, he appealed, as provided in that statute, to the circuit court. That court entered a judgment for the same, from which an appeal is

now taken to this court. In the opinion of this court the judgment of the circuit court is correct.

The point is made that the circuit court did not have jurisdiction of the matter in controversy by appeal. It is now too late to raise that question. That proposition was before this court in the former appeal, and necessarily determined in remanding the case to the circuit court, and we will not now listen to it upon this second appeal.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*