**J. Byron Turck, Administrator, Appellee, v. The Chicago, Rock Island and Pacific Railway Company, Appellant.**

### Gen. No. 14,893.

APPEALS AND ERRORS—*when question as to reversal without remanding res judicata.* If upon the former appeal of a cause the Appellate Court has held that it would not be authorized to reverse without remanding, such question is *res judicata* in a second appeal, of such cause.

Action in case for death caused by alleged wrongful act. Appeal

from the Superior Court of Cook county; the Hon. WILLIAM H. Mc-SURELY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed February 10, 1910.

M. L. BELL, for appellant; BENJ. S. CABLE, of counsel.

ELMER & COHEN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case in the Superior Court by plaintiff as administrator against defendant for wrongfully causing the death of plaintiff's intestate, plaintiff had judgment for $5,600, and the defendant appealed. There was a former appeal by defendant from a judgment recovered against it by plaintiff on the first trial of the cause, and it was held that the trial court erred in giving a certain instruction for the plaintiff, and for that error the judgment was reversed and the cause remanded. C. R. I. & P. Ry. Co. v. Turck, Administrator, 131 Ill. App. 128. By stipulation the evidence on the first trial was read on the second trial. No additional evidence was offered by either party nor was there any amendment of the pleadings after the first trial.

The first proposition stated in the brief for appellant on the former appeal was that: "Appellant was not negligent as charged in the declaration, and even if it were guilty of negligence, appellee's intestate was himself guilty of such negligence that must preclude a recovery in this case." The brief concluded as follows: "It is respectfully submitted, however, that the judgment should be reversed without remanding on the facts of the case as the record shows them."

The question whether the judgment should be reversed and the case not remanded, on the ground either that it did not appear from the evidence in the record that the defendant was guilty of the negligence alleged in the declaration, or that it did appear from

the evidence that the plaintiff was guilty of contributory negligence, was before this court on the former appeal and necessarily determined in remanding the case to the Circuit Court. Champaign County v. Reed, 106 Ill. 389.

The decision and judgment that the case be remanded was necessarily an adjudication by this court that it did not appear from the evidence, either that the defendant was not guilty of the negligence alleged in the declaration, or that the plaintiff was guilty of contributory negligence, and that on the evidence in the record a jury might properly find the defendant guilty. The evidence on the second trial is the same as on the first, the parties and issues are the same. Whether from the evidence the jury might properly find the defendant guilty was a question of law, decided by this court on the former appeal, and the decision on that appeal, that from the evidence the jury might properly find the defendant guilty, is the law of the case on this appeal.

The only grounds of reversal stated in the brief for appellant on this appeal are: "I. The evidence shows no negligence on the part of appellant. II. Appellee's intestate was guilty of contributory negligence. III. The verdict is against the weight of the evidence."

Whether a conclusion which a jury from the evidence may properly draw, shall be drawn by them, is a question of fact for the jury, on which their verdict is conclusive. This court on the former appeal decided that a jury might properly, on the evidence on the first trial, find the defendant guilty. On that evidence, on the second trial, the jury found the defendant guilty.

The decision on the former appeal is binding on us on this appeal on the question whether on the evidence the jury might properly find the defendant guilty. As the sufficiency of the evidence to support the verdict is the only question presented for our decision on

this appeal, the judgment of the Superior Court will be affirmed.

*Affirmed.*