THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
AUGUSTUS ALBERT CARPENTER, Exr., Appellant.

*Opinion filed June 22, 1916.*

1. INHERITANCE TAX—*under act of 1895 a vested estate subject to defeasance was not subject to tax.* Under the Inheritance Tax act of 1895, although an estate was vested in interest, yet if it was subject to defeasance it could not be taxed until it became indefeasible, and an estate vested in interest only at the death of the decedent was not subject to a tax until it vested in possession.

2. SAME—*when estate is not subject to inheritance tax.* An estate in remainder subject to defeasance during the continuance of the life estate is not subject to an inheritance tax under the proviso of the repealing clause of the Inheritance Tax law of 1909 or the saving clause of the general law concerning statutes, where the death of the decedent did not occur until after the Inheritance Tax law of 1909 took effect.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

HERRICK, ALLEN & MARTIN, and HERBERT POPE, for appellant.

P. J. LUCEY, Attorney General, and THOMAS J. YOUNG, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Augustus A. Carpenter died in 1911, having executed a trust agreement on November 28, 1905, with additions thereto dated July 27, 1908, and May 28, 1909, under which he deposited securities with the First Trust and Savings Bank of Chicago, in trust to fulfill the objects of the agreement. He was to receive the income from the securities during his life. At his death the income was thereafter to be paid to Nellie Clark, known as Nellie Clark Carpenter, during her life, and upon her death the trust was to terminate and the entire trust property was to be paid

over and transferred, share and share alike, to his two children, Augustus Albert Carpenter and Amie C. Newell, but if either one of the children should not be living at that time his or her share was to be paid to his or her issue, or in default of issue then to the surviving child, or if the child was not living then to the children of such child. The county court of Cook county made an order imposing an inheritance tax at the rate of two per cent, under the Inheritance Tax law of 1909, (Laws of 1909, p. 311,) upon the remainders in the trust estate limited to the two children, Augustus Albert Carpenter and Amie C. Newell, after the life estate of Nellie Clark. The executor appealed from that order, and it was reversed as to that tax and affirmed in other respects and the cause was remanded. (*People* v. *Carpenter*, 264 Ill. 400.) The reversal was on the ground that the remainders were not subject to an inheritance tax under the act of 1909. The question whether they would be subject to taxation under the act of 1895, (Laws of 1895, p. 301, as amended by the act of 1901; Laws of 1901, p. 269;) which was in force at the time the trust agreement and additions thereto were executed, was not involved and the court declined to consider that question. The cause was re-instated in the county court, and the court held that the interests of Augustus Albert Carpenter and Amie C. Newell were subject to an inheritance tax under the provisions of the act of 1895 and made an order imposing the tax. From that order the executor has again appealed.

The act of 1909 repealed the previous act of 1895, as amended in 1901, by section 31, as follows: "That 'An act to tax gifts, legacies and inheritances in certain cases, and to provide for the collection of the same,' approved June 15, 1895, in force July 1, 1895, as amended by act approved May 10, 1901, in force July 1, 1901, and all laws or parts of laws inconsistent herewith be and the same are hereby repealed: *Provided, however,* that such repeal shall

in nowise affect any suit, prosecution or court proceeding pending at the time this act shall take effect, or any right which the State of Illinois may have at the time of the taking effect of this act, to claim a tax upon any property under the provisions of the act or acts hereby repealed, for which no proceeding has been commenced; and all appeals and rights of appeal in all suits pending, or appeals from assessments of tax made by appraisers' reports, orders fixing tax or otherwise existing in this State at the time of the taking effect of this act."

Augustus A. Carpenter died in 1911,—two years after the repeal of the act under which the county court imposed the tax,—and the law is that where a statute is repealed without any saving clause it must be considered, except as to proceedings passed and closed, as if it never had existed. (*Trustees of Illinois and Michigan Canal* v. *City of Chicago*, 14 Ill. 334; *Blake* v. *Peckham*, 64 id. 362; *Holcomb* v. *Boynton*, 151 id. 294.) Chapter 131 of the Revised Statutes saves rights accrued or claims arising under the repealed law, and the act of 1909, by the proviso, saved pending suits or proceedings and any right which the State might have to claim a tax upon any property under the provisions of the act repealed although no proceeding had been commenced. There was no pending proceeding for the collection of the inheritance tax at the time of the repeal. The original proceeding in this case was begun on March 19, 1912, and the question to be determined, therefore, is whether, when the repealing act took effect, the State had a right to claim a tax upon the interests of Augustus Albert Carpenter and Amie C. Newell under the provisions of the act repealed.

Section 3 of the repealed act provided that all taxes imposed by the act, unless otherwise provided for, should be payable at the death of the decedent, and the right to claim a tax under that act could not accrue until the death of Augustus A. Carpenter. (*Provident Hospital and Train-*

*ing School* v. *People,* 198 Ill. 495.) The trust agreement was made in contemplation of the death of the maker, and was intended to take effect in possession and enjoyment as to Nellie Clark at his death, and as to Augustus Albert Carpenter and Amie C. Newell, or their issue or the survivor or the issue of the survivor, after the termination of the life estate of Nellie Clark. When this case was here before it was decided that the interests of Augustus Albert Carpenter and Amie C. Newell were vested, and it is true that they were and are vested in interest, but they are not vested in possession and are still subject to be divested by their death prior to the death of Nellie Clark. The interests of the two children were not vested in possession at any time prior to the repealing of the act of 1895 and they could not have been appraised and taxed under that act. There was no provision in the act of 1895 under which a claim for the tax on account of the remainders after the life estate of Nellie Clark could have been made before the repeal of the act. Although an estate was vested, if it was subject to a defeasance it could not be taxed until it became indefeasible. An estate vested in interest only at the death of the decedent was not subject to a tax until the estate vested in possession. (*People* v. *McCormick,* 208 Ill. 437.) The order imposing the tax cannot be sustained either under chapter 131 of the Revised Statutes or the proviso to the repealing act, because there was no right of the State to claim a tax at the time of the repeal. *Clapp* v. *Mason,* 94 U. S. 589; *Mason* v. *Sargent,* 104 id. 689.

The judgment of the county court is reversed.

*Judgment reversed.*