(No. 24260.—

MARY E. BURLEY, Appellant, *vs.* HORACE G. LINDHEIMER,
County Collector, Appellee.

*Opinion filed December 15, 1937.*

BELL, BOYD & MARSHALL, (VICTOR M. HARDING, JR.,
of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V.
KEARNEY, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN,
of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

By an amended petition filed in the county court of Cook county the plaintiff, Mary E. Burley, sought to recover certain taxes levied on real estate and paid by her. The defendant, the county collector, challenged plaintiff's claim on the ground, among others, that her pleading failed to set forth facts entitling her to a refund under the applicable provision of the Revenue act. Judgment was rendered in favor of the defendant, and plaintiff prosecutes this appeal.

Prior to February 12, 1932, the plaintiff owned an improved parcel of real estate in the village of Winnetka referred to by the parties as lot 4. On the day named, plaintiff conveyed the south part of the tract to the Winnetka Congregational Church, retaining, however, the contiguous north portion upon which stood a house. During each of the four succeeding years, 1932 to 1935, the valuation of lot 4 continued to be fixed upon the basis of its area prior to the severance mentioned, and taxes were extended on these assessments. The successive valuations were unit assessments upon the entire lot, including the portion given by plaintiff to the church. Each valuation, according to the stipulation of facts, represented two separate assessments, one, the improvement, and the other, the land valuation. The record discloses that 47.7 per cent of the land assessment in the years 1932, 1933 and 1934 was attributed to the part of the lot then belonging to the church, and 39.3 per cent in 1935. Plaintiff voluntarily paid the taxes extended upon these valuations for the years 1932, 1933 and 1934, and the first installment of the 1935 taxes. Of the amounts paid $464.63 was allocated to taxes on the part of lot 4 owned by the church. It is this sum which plaintiff seeks to recover. We note, further, that plaintiff did not notify the assessor during the years in question of the division of lot 4. Moreover, she did not exhaust her administrative remedies by filing a complaint with either the as-

sessor or the board of appeals of Cook county to protest any of the four assessments which she now attacks.

To obtain a reversal of the judgment, plaintiff makes the contention that upon the factual situation presented she was entitled to a refund of taxes conformably to section 268 of the Revenue act, as amended. In particular, she contends that the valuations assailed were assessments of property before the property became taxable. To sustain the judgment, defendant maintains, on the contrary, that the contested assessments were merely over-assessments and that plaintiff's failure to avail herself of appropriate remedies for relief afforded by the Revenue act barred her claim to a refund. Plaintiff does not charge fraud on the part of the assessor in making any of the assessments of taxes in controversy and concedes that if the facts narrated present only a case of over-valuation her petition for refund lacks a legal basis. If, however, she is entitled to the refund the amount claimed is admittedly correct.

Section 268, as amended in 1935, (Ill. Rev. Stat. 1937, p. 2671,) so far as pertinent to this inquiry, provides: "If any real or personal property shall be twice assessed for the same year, or *assessed before it becomes taxable,* and the taxes so erroneously assessed shall have been paid, either at sale or otherwise, or have been twice paid by different claimants, the county court, on petition of the person paying the same, or his agent, and being satisfied of the facts in the case, shall direct the county collector to refund such taxes and deduct the amount thereof, *pro rata,* from the moneys due the various taxing bodies or their legal successors which received the same."

The precise question presented for decision is whether the assessments attacked fall within the provision "if any real or personal property shall be assessed before it becomes taxable." Here, the assessments covered property owned by plaintiff subject to taxation and, in addition, property owned by a third party, a church, which, it is asserted, was

not taxable because exempt. The expression, "assessed before it becomes taxable," must be taken as the legislature incorporated it in the law. An assessment, within the contemplation of the quoted words, is an assessment to a person as owner of property, which is the subject of the assessment, before title to such property vests in him, and, therefore, before such property becomes taxable to him as the owner. The phrase is not broad enough to mean, as plaintiff insists, "assessed before it becomes taxable and after it becomes not taxable." Plain, unequivocal language can not be distorted, under the guise of construction, into conferring a right upon persons disposing of their property by sale, gift,—as in the present case,—or otherwise, to obtain a refund of taxes assessed against such property after it has become non-taxable to the grantors. The part of lot 4 conveyed to the church was assessed to plaintiff after it became not taxable to her, and, as an addition to and included in, the remainder of lot 4 properly assessable and taxable to her. Conversely, it was not assessed to the donor before it became taxable.

Plaintiff, to sustain her position, places reliance, however, upon *Champaign County* v. *Reed,* 106 Ill. 389. From the facts related in an earlier decision (*Champaign County* v. *Reed,* 100 Ill. 304) it appears that a railroad company and one Smith entered into a written contract whereby the company agreed to sell a certain tract of land to Smith. So long as the railroad company owned the property it was exempt from taxation under the company's charter. Smith did not complete his purchase, and, hence, never acquired title. Subsequently, the land was sold at a tax sale to one Reed who paid the taxes assessed for several years. Reed, obviously, did not obtain good title to the land. The taxes, it necessarily follows, were assessed to him before the property became taxable. In the case cited no part of the real estate was subject to taxation before it was assessed to Reed. Indeed, no part of the land was taxable to him or

to anyone else. Power to assess the property was wanting. The tax was thus void as being in its entirety a tax upon property assessed before it became taxable. Manifestly, the case of *Champaign County* v. *Reed, supra,* is not parallel to the case at bar. Although the assessments in the present case may have been irregular in the extreme, or highly excessive, jurisdiction to make them was not lacking. (*American Can Co.* v. *Gill,* 364 Ill. 254; *Cooper Kanaley & Co.* v. *Gill,* 363 id. 418; *Hettler Lumber Co.* v. *Cook County,* 336 id. 645.) For an excessive or unequal assessment, where the complaint is not fraud but an error of judgment, merely, the sole remedy is an application for an abatement to such statutory agencies as have been provided for hearing the complaint. (*Hettler Lumber Co.* v. *Cook County, supra.*) The relief sought by plaintiff could have been obtained under other provisions of the Revenue act if application therefor had been made in apt time. Taxes voluntarily paid, however, cannot be recovered or refunded unless the statute expressly authorizes such recovery or refunding. *American Can Co.* v. *Gill, supra; LeFevre* v. *County of Lee,* 353 Ill. 30.

The language of section 268, to the extent relevant, is free from ambiguity and must be given effect by the courts. It does not purport to ameliorate the situation where property is assessed after it becomes not taxable by making provision for a refund of taxes paid in such cases. Courts have no legislative powers and may not incorporate in a statute provisions not within the legislative intention as expressed in the statute itself. (*Coon* v. *Doss,* 361 Ill. 515; *First Nat. Bank* v. *Hahnemann Institutions,* 356 id. 366.) As was said in *Cooper Kanaley & Co.* v. *Gill, supra,* "The language of section 268 does not admit of extending or enlarging its provisions beyond their clear import."

The judgment of the county court is affirmed.

*Judgment affirmed.*