MELVIN ISENSTEIN *et al.*, Plaintiffs-Appellees, *v.* EDWARD J. ROSE-WELL, Cook County Treasurer and Ex-Officio County Collector, Defendant-Appellant.—ADA BOLEY *et al.*, Plaintiffs-Appellants, *v.* THOMAS C. HYNES, Cook County Assessor, *et al.*, Defendants-Appellees.

First District (5th Division) Nos. 81—2551, 81—2639 cons.

Opinion filed August 6, 1982.—Modified on denial of rehearing October 8, 1982.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Thomas J. McNulty, Assistant State's Attorneys, of counsel), for appellant Edward J. Rosewell.

Klein, Thorpe & Jenkins, Ltd., of Chicago (Gerard E. Dempsey and Bruce A. Zolna, of counsel), for appellants Ada Boley *et al.*

William J. Harte, Ltd., Kevin M. Forde, Ltd., and Ash, Anos, Harris & Freedman, all of Chicago (William J. Harte, Kevin M. Forde, Richard J. Prendergast, Katrina Veerhusen, and Lawrence M. Freedman, of counsel), for appellees Melvin Isenstein *et al.*

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and

Thomas J. McNulty, Assistant State's Attorneys, of counsel), for appellees Thomas C. Hynes *et al.*

JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs, Melvin Isenstein and Ada Boley, each with other named owners of real property in Cook County, filed separate complaints for injunctive relief in the circuit court of Cook County as class actions against the Cook County assessor and Cook County treasurer, ex-officio collector. The complaints generally challenged the procedures used by defendants in the valuation and taxation of real estate used for farming or agricultural purposes. At separate instances the trial court issued orders (1) sustaining defendants' motion to dismiss counts I, III, IV and V of the Boley complaint, (2) sustaining defendants' motion to consolidate the two actions for trial, and (3) granting plaintiffs' joint motion for a preliminary injunction enjoining the defendants from distributing any farmland "rollback" moneys collected pursuant to sections 20a–1 through 20a–3 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, pars. 501a–1 through 501a–3). Defendants appeal from the preliminary injunction order (appellate No. 81–2551) and Boley plaintiffs appeal from the order of dismissal (appellate No. 81–2639). The appeals have been consolidated for review. The issues before this court are (1) whether the trial court erred in granting a preliminary injunction enjoining the defendants from distributing tax moneys collected, and (2) whether the trial court erred in dismissing counts I, III, IV and V of the Boley complaint.

The instant controversy essentially stems from the existence of two statutory methods of assessment and taxation of farmlands. The first, effective since 1971, is the dual valuation method which permits the "rollback" or recapture of taxes for prior years in the event of a change in the agricultural use of the property. (Ill. Rev. Stat. 1981, ch. 120, pars. 501a–1 through 501a–3.)[1] The second method, approved by the General Assembly on August 16, 1977, establishes a different procedure for fixing the assessed valuation of farmland but does not provide for a rollback of the taxes for prior years in the event of a change in the agricultural use of the property. (Ill. Rev. Stat. 1981, ch. 120, par. 501e.)[2] According to the plaintiffs' com-

---

[1]See *Hoffmann v. Clark* (1977), 69 Ill. 2d 402, 372 N.E.2d 74, which held that this statutory scheme was not unconstitutional.

[2]See *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 408 N.E.2d 204, which upheld the constitutionality of this statute and held that the owner of a farm is automatically eligible for assessment under its provisions.

plaints, their properties were converted to nonfarm use after August 16, 1977, and subsequently defendants issued rollback tax bills for such properties for the tax years 1977 and 1978. Plaintiffs allege in substance that the issuance of such rollback tax bills was unauthorized by law, since the 1977 provision, by its terms, has been the *only* legal method for assessment and taxation of farmland since August 16, 1977. Accordingly, the complaints prayed for injunctive relief restraining the collection of rollback taxes after 1977. Plaintiffs also filed a motion for a preliminary injunction enjoining the defendant from distributing all rollback tax moneys collected for 1977 and subsequent years. The trial court granted the motion and entered a preliminary injunction ordering that all funds on said taxes "shall be sequestered and held in an interest bearing account pending further order of the Court."

OPINION

I

Defendants initially claim that plaintiffs have an adequate remedy at law and that therefore the court of equity had no jurisdiction to enter the instant preliminary injunction order, or any injunctive relief. This legal remedy, defendants argue, is the payment of the tax under protest and the filing of a specific objection in the circuit court pursuant to sections 194 and 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, pars. 675, 716).

In *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299, our supreme court held that there were two exceptions to the general rule that equity has no jurisdiction to grant relief in tax cases where an adequate remedy at law exists: (1) where the tax is "unauthorized by law," or (2) where it is levied upon property exempt from taxation. (See *Finn v. Tucker* (1980), 81 Ill. App. 3d 1038, 402 N.E.2d 358; see also Gore & Emmerman, *Real Estate Tax Assessments—A Study of Illinois Taxpayers' Judicial Remedies*, 24 De Paul L. Rev. 465 (1975).) The question of an "unauthorized" tax goes to the "power" of the assessor or treasurer to function and not to the "validity of the tax as levied." (*North Pier Terminal Co. v Tully* (1976), 62 Ill. 2d 540, 548, 343 N.E.2d 507, 511.) In count II of each complaint at bar, plaintiffs have not merely attempted to correct an erroneous assessment or to question its amount, but rather they have challenged the "power" of the defendants to collect rollback taxes after the legislature enacted section 20e (Ill. Rev. Stat. 1981, ch. 120, par. 501e). Thus, assuming for purposes of appeal that the

plaintiffs' allegations are true, and that defendants are without a statutory basis for imposing rollback taxes, then defendants have assessed taxes which are "unauthorized by law." Accordingly, under the circumstances presented here, we conclude that equity jurisdiction lies and the trial court was empowered to grant relief by way of injunction.[3] See *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.

## II

Next, we consider the appeal of the Boley plaintiffs from the trial court's order dismissing counts I, III, IV and V of their complaint.

The sufficiency of the complaint and the nature of the relief sought are of primary importance here. Since plaintiffs have sought injunctive relief, the instant complaint must be examined to determine whether plaintiffs have pleaded sufficient allegations to come within either of the two exceptions stated in *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299, or whether they have sufficiently pleaded other special grounds for equitable relief, such as fraudulently excessive assessment (see, *e.g., Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833), and also the lack of an adequate remedy at law. *Hulse v. Kirk* (1975), 28 Ill. App. 3d 839, 329 N.E.2d 286.

In count I of their complaint, the Boley plaintiffs allege, in substance, that defendants, purportedly acting pursuant to the rollback provisions of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, pars. 501a—1 through 501a—3), had issued farm rollback tax bills for the very year in which plaintiffs' real property ceased to be used for agricultural purposes, contrary to the statutory procedure requiring that such bills be computed for each of the three years "preceding" the year in which such a change occurs. (Ill. Rev. Stat. 1979, ch. 120, par. 501a—3.) In count III plaintiffs allege in substance that defendants have issued rollback tax bills twice on the same real estate for the same year, describing the same real estate by two different permanent real estate index numbers. In count IV plaintiffs allege essentially that defendants, purportedly acting pursuant to the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 501a—3), have issued rollback tax bills on the "entirety" of the plaintiffs' real estate when

---

[3]The propriety of the provisions of the order directing that the rollback taxes which had been collected be restrained from distribution and that such funds be held in an interest-bearing account pending further order of the court has not been raised as an issue for review and is not involved in this appeal.

in fact plaintiffs have discontinued farm use on only a portion of the property, but continued to farm the balance of the property. Finally, count V, brought on behalf of plaintiffs Ada and Glenn Boley, alleges in substance that defendants for the years 1977 through 1980 have refused to assess the Boleys' farm property under the provisions of section 20e of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 501e), and instead have continued to utilize the valuation procedures under section 20a—1 (Ill. Rev. Stat. 1979, ch. 120, par. 501a—1). In each of the above counts plaintiffs have sought a judicial declaration that the tax bills issued by defendants are void, and also an injunction preventing defendants from collecting the complained-of taxes.

■ The Boley complaint does not allege that the property at issue was exempt from taxation, thus the first question to be determined is whether the instant counts, fairly construed, contain sufficient allegations of an "unauthorized tax" so as to bring them within the *Clarendon* exception. As noted, the term "unauthorized by law" has been construed by our courts to mean that the assessing officials lack the "power" to act, and not merely that the tax is invalid as levied. (See, *e.g., North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, 343 N.E.2d 507; *R. D. Werner Co. v. Leyden Fire Protection District* (1980), 91 Ill. App. 3d 587, 414 N.E.2d 1169.) Thus, if the tax is levied pursuant to statutory authority, mere procedural irregularities in the assessment of the tax do not form a basis for injunctive relief. *North Pier Terminal Co.; Owens-Illinois Glass Co. v. McKibbin* (1943), 385 Ill. 245, 52 N.E.2d 177.

■ In our opinion the allegations of counts I, III, IV and V of the Boley complaint stem not from the alleged lack of statutory authority of the assessor to act, but merely challenge the validity of the taxes as levied by the assessor. Specifically, count I in substance alleges that the assessor improperly levied the rollback tax for the wrong year; count III alleges that the assessor incorrectly assessed property twice; count IV complains of an excessive assessment against parcels of real estate which were still used for farming purposes; and count V alleges that the assessment method utilized by the defendants was erroneous. It has been long established that the equitable remedy will be denied where the suit is based on a taxing body's alleged failure to follow the statute in making an assessment (*Bistor v. Board of Assessors* (1931), 346 Ill. 362, 179 N.E.2d 120; *Finn v. Tucker* (1980), 81 Ill. App. 3d 1038, 402 N.E.2d 358), and while the complained-of irregularities may make the instant tax assessments "invalid," it does not follow that

the levies in question are "unauthorized by law." Accordingly, we hold that the *Clarendon* exception is not applicable to the four counts at bar.

Plaintiffs argue on appeal that "unusual circumstances" are pleaded in their complaint which warrant injunctive relief under *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833. Plaintiffs' complaint, however, contains no allegations of "constructively fraudulent" assessments and is lacking in any such facts to support this theory. In examining these pleadings and the facts stated therein, including all reasonable inferences drawn which are favorable to the plaintiffs, we conclude that the necessary averments to sustain equitable jurisdiction are lacking with respect to counts I, III, IV and V of the Boley plaintiffs' complaint, and we therefore hold that the trial court did not err in granting dismissal of these counts.

### III

For the foregoing reasons, the orders of the circuit court granting the preliminary injunction and dismissing counts I, III, IV and V of the Boley complaint are affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.