MELVIN ISENSTEIN *et al.*, Plaintiffs-Appellees, *v.* EDWARD J. ROSE-WELL, County Treasurer and ex-officio County Collector of Cook County, Defendant-Appellant—(Ada Boley *et al.*, Plaintiffs-Appellees, *v.* THOMAS C. HYNES, Cook County Assessor, *et al.*, Defendants-Appellants).

First District (5th Division)   No. 83—2419

Opinion filed June 29, 1984.

Richard M. Daley, State's Attorney, of Chicago (David S. Martin, Assistant State's Attorney, of counsel), for appellants.

William J. Harte, Ltd., Kevin M. Forde, Ltd., and Ash, Anos, Freedman & Logan, all of Chicago, for appellees Melvin Isenstein *et al.*

Gerard E. Dempsey and Bruce A. Zolna, both of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellees Ada Boley and Glen Boley *et al.*

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendants appeal from an order of the trial court which granted plaintiffs' motions for summary judgment and which permanently enjoined the county collector from collecting rollback real estate taxes for 1977 and subsequent years. Defendants contend on appeal that the trial court erred in holding that section 20e of the Revenue Act of 1939, as amended (Ill. Rev. Stat. 1983, ch. 120, par. 501e), impliedly repealed sections 20a—1 through 20a—3 of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, pars. 501a—1 through 501a—3), and that the injunction was therefore improperly issued. For the reasons which follow, we affirm the order of the trial court.

The instant case was brought as a class action. The representative plaintiffs are farm property owners who applied for special farmland valuations of their properties pursuant to sections 20a—1 and 20a—2 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, pars. 501a—1 and 501a—2). Section 20a—1 provided for a special farmland valuation for certain qualifying real estate. This valuation was to be made on application by the person liable for the taxes on the property. Unlike the valuation provided by section 20 of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 501), which was based on fair cash value, the valuation provided by section 20a—1 was based on fair cash value as measured by the price the land would bring at a fair, voluntary sale for use by the buyer for farming or agricultural purposes. This lower assessment "encourages the continued use of farmland for agricultural purposes by making it economically feasible to continue such use." (*Hoffmann v. Clark* (1977), 69 Ill. 2d 402, 428, 372 N.E.2d 74.) Section 20a—3 provided for a rollback tax which in essence was a recapture provision: when the real property was no longer used for farming or agricultural purposes, the taxpayer became liable for the payment of the rollback tax which equalled the difference between the taxes paid in each of the three preceding years based on the 20a—1 valuation and what those taxes would have been if based on the section 20 valuation. (Ill. Rev. Stat. 1981, ch. 120, par. 501a—3.) The purpose of the rollback provision was to discourage diversion of agricultural land to other and possibly more profitable uses. *Hoffmann v. Clark* (1977), 69 Ill. 2d 402, 428, 372 N.E.2d 74.

In 1976, the circuit court of Du Page County held sections 20a—1 through 20a—3 unconstitutional. (See *Hoffmann v. Clark* (1977), 69

Ill. 2d 402, 372 N.E.2d 74.) During the pendency of the appeal, the legislature adopted section 20e of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 501e), which provided an entirely different valuation procedure for farmlands. (See *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 408 N.E.2d 204.) Defendants, after the adoption of section 20e, sent letters to plaintiffs which stated that an election under section 20a—1 was necessary to preserve the farmland valuation of their properties. Plaintiffs complied and paid taxes for the years in question based on the 20a—1 valuation. Plaintiffs thereafter ceased using the lands in question for agricultural purposes, and defendants accordingly sought to impose rollback tax liability for the preceding three years. Plaintiffs paid the rollback taxes; the trial court entered an order deeming these payments to have been made under protest, and no question concerning this order has been raised on appeal.

The parties stipulated to the material facts and submitted cross-motions for summary judgment to the trial court. The trial court held that the adoption of section 20e impliedly repealed sections 20a—1 through 20a—3, by virtue of mutual repugnance, and entered summary judgment in favor of plaintiffs and permanently enjoined defendants from collecting the rollback tax. Defendants thereafter appealed to this court from that order.

During the pendency of this cause in the trial court, the legislature adopted Public Act 83-347 which provided that "Sections 20a—1, 20a—2 and 20a—3 of the 'Revenue Act of 1939,' filed May 17, 1939, as amended, are repealed. *** This Act takes effect on becoming a law." (1983 Ill. Leg. Service, vol. 5, at 2375.) The act was approved on September 14, 1983, and became effective on that date. Ill. Rev. Stat. 1983, ch. 120, par. 501a—1 to 501a—3.

OPINION

Defendants contend that the trial court erred in holding that section 20e of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 501e) impliedly repealed the dual value provisions of sections 20a—1, 20a—2 and 20a—3 (Ill. Rev. Stat. 1981, ch. 120. pars. 501a—1, 501a—2, and 501a—3). Plaintiffs respond initially that this issue was decided by our prior opinion in *Isenstein v. Rosewell* (1982), 108 Ill. App. 3d 1082, 440 N.E.2d 651, and that defendants are concluded against relitigating this issue.

■ "The burden of establishing an estoppel by judgment is upon him who invokes it, and to so operate it must either appear upon the face of the record or be shown by extrinsic evidence that the precise

question was raised in determining the former suit." (*City of Geneseo v. Illinois Northern Utilities Co.* (1941), 378 Ill. 506, 512, 39 N.E.2d 26.) Our prior decision was rendered on an appeal from the allowance of defendants' motion to dismiss, and we concluded under the facts alleged in the complaint that the circuit court had jurisdiction to hear the cause. (*Isenstein v. Rosewell* (1982), 108 Ill. App. 3d 1082, 1085-86, 440 N.E.2d 651.) This was not a decision on the merits which would bar another action, and our former case is therefore not conclusive upon the decision of the instant matter. *Getto v. City of Chicago* (1981), 86 Ill. 2d 39, 46, 426 N.E.2d 844; *City of Geneseo v. Illinois Northern Utilities Co.* (1941), 378 Ill. 506, 513-14, 39 N.E.2d 26.

■ Defendants argue that the trial court erred in awarding relief in that plaintiffs' voluntary payment of the lower valuation under section 20a—1 precludes any relief in the instant case, and they cite *Burley v. Lindheimer* (1937), 367 Ill. 425, 429, 11 N.E.2d 926, in support of this proposition. Defendants' argument, as we perceive it, is that plaintiffs have accepted the benefits of the lower valuation under section 20a—1 and cannot now complain of the imposition of the rollback tax under section 20a—3. While the general rule is that a party claiming a benefit under a statute may not simultaneously attack the validity of the same statute (see *Hoffmann v. Clark* (1977), 69 Ill. 2d 402, 411-12, 372 N.E.2d 74), we believe that it would be unduly harsh to apply this rule to the instant case, inasmuch as it was the conduct of defendants which induced plaintiffs' actions. Had defendants not required plaintiffs to make an election under section 20a—1, plaintiffs would have qualified for the lower farm valuation under section 20e automatically. (*O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 270, 408 N.E.2d 204.) Defendants' citation to *Burley v. Lindheimer* indicates their reliance on the voluntary payment doctrine as well. We believe, however, that the threat of valuation at the higher section 20 value constitutes compulsion which precludes application of this doctrine. (*Getto v. City of Chicago* (1981), 86 Ill. 2d 39, 51-53, 426 N.E.2d 844.) We will accordingly consider the issues on their merits.

■ In the instant case plaintiffs contend and the trial court held that sections 20a—1, 20a—2, and 20a—3 of the Revenue Act of 1939 were impliedly repealed by the adoption of section 20e of that same statute. We observe that although section 20e did not contain an express repealer, sections 20a—1 through 20a—3 were expressly repealed by Public Act 83-347, effective September 14, 1983. (Ill. Rev. Stat. 1983, ch. 120, par. 501a—1 to 501a—3). The parties have not argued the effect of this express repeal except as it relates to legislative intent concerning the asserted implied repeal. We note that "[w]here

the legislature passes a repealing act and nothing is substituted for the act that is repealed, the effect is to obliterate such statute as completely as if it had never been passed." (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 375-76, 21 N.E.2d 318.) Further, a court of review will apply the law as it exists at the time of decision, rather than at the time of the trial court's judgment. (*Rios v. Jones* (1976), 63 Ill. 2d 488, 494-95, 348 N.E.2d 825.) The obligation of the citizen to pay taxes is purely a statutory creation and taxes can be levied, assessed, and collected only in the manner provided by express statute. (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 371, 21 N.E.2d 318.) The express repeal of section 20a—3, which provided for the rollback tax, leaves defendants without any statutory authority for the assertion of the rollback. "If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal." (371 Ill. 367, 373-74, 21 N.E.2d 318.) "The holdings that such a repeal wipes out all remedies under the prior statute and leaves the parties where the repeal finds them, [citations] necessarily makes the repealing act retrospective." 371 Ill. 367, 376, 21 N.E.2d 318.

*People ex rel. Eitel v. Lindheimer* pertained to a special remedial statute providing for the credit or refund of excess taxes paid on an over-assessed valuation of property for any year in which the over-assessed valuation was ordered corrected and reduced by a competent tribunal. The supreme court has indicated, however, that this principle applies to statutory causes of action (*Shelton v. City of Chicago* (1969), 42 Ill. 2d 468, 473-74, 248 N.E.2d 121, citing *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 185, 193 N.E.2d 844), and that this is so despite the statutory construction act (Ill. Rev. Stat. 1983, ch. 1, par. 1103). The instant case is distinguishable from *Doolin v. Korshak* (1968), 39 Ill. 2d 521, 236 N.E.2d 897, in that the statute in *Doolin* which repealed the Leasing Occupation Tax Act and the Leasing Use Tax Act (Ill. Rev. Stat. 1965, ch. 120, pars. 453.101 and 453.121) provided that:

" 'However, any taxes imposed under the Acts repealed by this Act with respect to transactions consummated before this Act takes effect shall continue to be assessed and collected in the same manner and to the same extent as if said Acts were not repealed. Also, claims for credit or refund of taxes paid pursuant to those Acts with respect to transactions occurring before the effective date of this Act, may continue to be filed and shall continue to be disposed of in the same manner and to the same extent as if said Acts were not repealed.' " (39 Ill. 2d 521, 523,

236 N.E.2d 897; see also Ill. Rev. Stat. 1983, ch. 120, par. 810.) No such savings clause was included in Public Act 83-347. (See 1983 Ill. Leg. Service, vol. 5, at 2375.) The legislature could easily have included such a clause in the repealing statue were its intent to preserve actions collecting the rollback taxes imposed by the repealed sections. Consequently, we believe that the legislature did not intend to preserve defendants' power to assert liability for rollback taxes under the repealed sections. In contrast, the provision for payment of taxes under protest (Ill. Rev. Stat. 1983, ch. 120, par. 675) was unaffected by Public Act 83-347 and, we believe, still provides a mechanism for the recovery of the funds paid.

For the foregoing reasons, we hold that the trial court properly entered summary judgment for plaintiffs and against defendants and properly enjoined defendants from collecting the taxes in question.

Therefore, the order of the trial court is affirmed.

Affirmed.

LORENZ and O'CONNOR, JJ., concur.