(No. 60600.—

MELVIN ISENSTEIN *et al.*, Appellees, v. EDWARD J. ROSEWELL, County Treasurer, Appellant.—ADA BOLEY *et al.*, Appellees, v. THOMAS C. HYNES, County Assessor, *et al.*, Appellants.

*Opinion filed March 22, 1985.—Rehearing denied May 31, 1985.*

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Henry A. Hauser, Deputy State's Attorneys, and David S. Martin and Mark R. Davis, Assistant State's Attorneys, of counsel), for appellants.

William J. Harte, Ltd., Kevin M. Forde, Ltd., and Ash, Anos, Freedman & Logan, of Chicago (William J. Harte, Kevin M. Forde, Richard J. Prendergast, Katrina Veerhusen, and Lawrence M. Freedman, of counsel), for appellees Melvin Isenstein et al.

Klein, Thorpe & Jenkins, Ltd., of Chicago (Gerard E. Dempsey and Bruce A. Zolna, of counsel), for appellees Ada Boley et al.

JUSTICE MORAN delivered the opinion of the court:

The plaintiffs in these cases (hereinafter referred to as Isenstein and Boley) filed class action suits in the circuit court of Cook County challenging the authority of defendants Thomas C. Hynes, county assessor, and Edward J. Rosewell, county treasurer and ex-officio county collector, to assess and collect rollback taxes on farmland for tax years 1977 and thereafter. Plaintiffs sought injunctive relief and a refund of all rollback taxes paid. The circuit court consolidated both causes and initially issued a preliminary injunction enjoining the county from distributing any rollback taxes collected for the tax years

in question. The court also ordered these funds segregated and placed into an interest-bearing account.

Defendants filed an interlocutory appeal from that order pursuant to our Rule 307 (87 Ill. 2d R. 307), on the basis that the trial court lacked jurisdiction to order injunctive relief. The appellate court affirmed the order of the circuit court (*Isenstein v. Rosewell* (1982), 108 Ill. App. 3d 1082), and this court denied defendants' petition for leave to appeal.

On remand the parties, after stipulating to the relevant facts, filed cross-motions for summary judgment. After considering the briefs and arguments, the trial court entered summary judgment for the plaintiffs and ruled that plaintiffs, and each member of their class, were entitled to a refund of all rollback tax monies for 1977 and subsequent years, together with interest thereon. In addition, the court permanently enjoined defendant Rosewell from collecting rollback taxes for 1977 and subsequent tax years. These rulings were based on the circuit court's finding that sections 20a–1 through 20a–3 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, pars. 501a–1 to 501a–3) were repealed by implication on August 16, 1977, the effective date of sections 20e and 20f (Ill. Rev. Stat. 1977, ch. 120, pars. 501e, 501f). According to the trial court, on that date section 20e became the exclusive provision governing the valuation of farmland. Since section 20e did not contain any rollback provision, the court concluded that rollback taxes for 1977 and subsequent years were unauthorized by law.

The defendants appealed the trial court's decision, and the appellate court affirmed. (*Isenstein v. Rosewell* (1984), 126 Ill. App. 3d 211.) Although the trial court's decision was based on an implied repeal, the appellate court noted that on September 14, 1983, while this action was still pending in the trial court, sections 20a–

1 through 20a—3 of the Act had been expressly repealed by the legislature. (Pub. Act 83—347, eff. Sept. 14, 1983.) As such, the appellate court held that the express repeal of these sections terminated any right the defendants had to assert a rollback tax. We granted the defendants' petition for leave to appeal (87 Ill. 2d R. 315(a)).

The issues to be resolved are (1) whether plaintiffs are estopped from challenging the defendants' authority to assert a rollback tax; and, if not, (2) whether the defendants' attempts to assess and collect rollback taxes for 1977 and subsequent tax years were authorized by law.

The provisions of the Revenue Act of 1939, as amended (the Act) (Ill. Rev. Stat. 1977, ch. 120, par. 482 *et seq.*), at issue here, relate to the assessment of farmland for tax purposes. Prior to 1971, farmland, like most other real estate, was assessed pursuant to section 20 of the Act on the basis of its fair cash value. (Ill. Rev. Stat. 1977, ch. 120, par. 501.) By statute effective August 19, 1971, the legislature enacted sections 20a—1 through 20a—3. (Ill. Rev. Stat. 1971, ch. 120, pars. 501a—1 to 501a—3.) These sections authorized an optional dual valuation of farmland which was intended to encourage the continued use of farm property for agricultural purposes. Ill. Rev. Stat. 1971, ch. 120, pars. 501a—1 to 501a—3.

Under section 20a—2, this dual valuation was available to qualifying real estate upon the filing of an application. (Ill. Rev. Stat. 1971, ch. 120, pars. 501a—1, 501a—2.) Where requested and approved, farm property was valued pursuant to section 20a—1 (Ill. Rev. Stat. 1971, ch. 120, par. 501a—1), on the basis of its use for farming, in addition to its valuation under section 20 of the Act. Although the taxpayer was only assessed on the lower of these two valuations, both valuations were recorded. The legislature further provided for a rollback tax in the event that the property ceased to be used for

agricultural purposes. When this occurred, section 20a—3 allowed for the recapture of the difference between the taxes actually paid in each of the three preceding years and the amount of taxes which would have been paid had the real estate been assessed at its fair cash value under section 20. In addition, the taxpayer was charged 5% interest on the amount recaptured. (Ill. Rev. Stat. 1971, ch. 120, par. 501a—3.) The purpose of this rollback provision was to discourage farmers from converting their property to a nonagricultural use.

In 1976, the dual method of valuing farm property was challenged on constitutional grounds. (See *Hoffmann v. Clark* (1977), 69 Ill. 2d 402.) This court ultimately upheld the validity of sections 20a—1 through 20a—3. However, during the pendency of the *Hoffmann* appeal, the legislature adopted sections 20e and 20f, which provided for the valuation and assessment of farmland based, in part, on the productivity of the land. (Ill. Rev. Stat. 1977, ch. 120, pars. 501e, 501f, enacted by Pub. Act 80—247, eff. Aug. 16, 1977.) It was subsequently determined, in *O'Connor v. A&P Enterprises* (1980), 81 Ill. 2d 260, that this new farm valuation procedure was constitutional. The court also held that the assessment procedure prescribed by section 20e was to be automatically applied to farmland. 81 Ill. 2d 260, 270.

In the instant case, the defendants, after the adoption of section 20e, advised plaintiffs that an election under section 20a—1 was necessary to preserve the farmland valuation of their properties. The record reveals that, in the Isenstein case, plaintiffs received a letter from the assessor's office complete with an enclosed application and were told that in order to protect their farm valuation they should promptly return the application for processing. Similarly, in the Boley case, plaintiffs claim that they made repeated attempts to have their farm property assessed under section 20e, but were told by

defendants to file applications under section 20a—2. Accordingly, the plaintiffs filed applications for the years in question pursuant to section 20a—2, and paid taxes based on a section 20a—1 valuation. Thereafter, plaintiffs' properties were converted to nonagricultural uses. Consequently, in August of 1981, the defendants issued rollback tax bills in accordance with section 20a—3 of the Act. These bills stated that a penalty of 1% would be charged after October 1, 1981. Plaintiffs paid the rollback taxes and promptly filed their complaints in the circuit court. On September 21, 1981, the court entered an order deeming the payment of these rollback taxes to have been made under protest.

The defendants initially argue that plaintiffs have accepted the benefits of the dual-valuation method provided for in sections 20a—1 through 20a—3 of the Act and are, therefore, estopped from denying the collector's authority to assert a rollback tax thereunder. According to the defendants, the rollback tax is inextricably linked to the initial valuation. Since plaintiffs filed applications under section 20a—2 and paid taxes based on a section 20a—1 valuation, defendants submit that plaintiffs have received a benefit under a portion of the statute they now seek to attack. The general rule is that a person who accepts the benefits of a statute is estopped, thereafter, from challenging its validity unless a question of public policy or public morals is involved. (*Hoffmann v. Clark* (1977), 69 Ill. 2d 402, 411; *Edward P. Allison Co. v. Village of Dolton* (1962), 24 Ill. 2d 233, 236; *Cochennet v. Ambrose* (1961), 21 Ill. 2d 520, 524.) However, where there is an involuntary acceptance of a statutory provision the above rule does not apply. *Edward P. Allison Co. v. Village of Dolton* (1962), 24 Ill. 2d 233, 236.

In the present case the defendants, by their conduct, induced plaintiffs to file applications requesting the valuation provided for in section 20a—1. Indeed, the trial

court made a specific finding that the clear implication of defendant Hynes' letter was that failure to apply for farm valuation pursuant to section 20a—1 would result in property assessments using the fair cash value standard of section 20 of the Act. Under these circumstances, plaintiffs' acceptance of the valuations cannot be characterized as voluntary. Accordingly, the rule of law which defendants rely on has no application.

Moreover, we are not persuaded that the valuation of plaintiffs' properties pursuant to section 20a—1 benefitted them in any way. The defendants' argument is premised on the assumption that absent a request for section 20a—1 treatment, the property in question would have received a higher valuation under the provisions of section 20 of the Act. To the contrary, had defendants not required plaintiffs to make an election under section 20a—1, their property would have automatically been valued under section 20e of the Act. (*O'Connor v. A&P Enterprises* (1980), 81 Ill. 2d 260, 270.) No evidence has been presented to establish what this valuation might have been. In the absence of such evidence we fail to see how defendants have shown that the valuations which plaintiffs received constitute a benefit. It may well be that the valuation of plaintiffs' properties under section 20e could have resulted in lower real estate taxes.

In addition to the argument advanced above, defendants also seek to rely on the voluntary-payment doctrine. This court has stated that a party may not recover taxes voluntarily paid unless recovery is authorized by statute. (*Getto v. City of Chicago* (1981), 86 Ill. 2d 39, 49; *Hagerty v. General Motors Corp.* (1974), 59 Ill. 2d 52, 59; *Burley v. Lindheimer* (1937), 367 Ill. 425, 429.) Under the facts of this case, however, defendants reliance on this doctrine is misplaced. The plaintiffs have challenged the defendants authority to assert rollback taxes under *section 20a—3* of the Act. By order of the trial court,

these taxes were deemed paid under protest, and no question has been raised as to the propriety of that order. Ordinarily, protest is the best evidence of an unwillingness to pay. (*Illinois Glass Co. v. Chicago Telephone Co.* (1908), 234 Ill. 535, 545.) It signifies the taxpayer's contention that the tax was improper. (*Getto v. City of Chicago* (1981), 86 Ill. 2d 39, 49.) As such, it precludes a finding of voluntariness, which is a prerequisite to the application of this doctrine.

Nonetheless, defendants argue that the voluntary payment of taxes based on *section 20a—1* valuations, prior to the properties' conversion to a nonfarm use, precludes a refund of the rollback taxes paid. The fact that the plaintiffs paid taxes, while the land was used for farming, under section 20a—1 without protest is irrelevant as plaintiffs are not seeking a refund of these taxes. The taxes at issue here are the rollback taxes which were levied after the property was converted to a nonfarm use. Further, even if the payment of taxes under section 20a—1 were relevant, the defendants' conduct in procuring these valuations would constitute compulsion which precludes the application of the voluntary-payment doctrine. (*Getto v. City of Chicago* (1981), 86 Ill. 2d 39, 49.) Accordingly, under the facts disclosed herein, we find neither the acceptance of a section 20a—1 valuation nor the payment of taxes based thereon prevents plaintiffs from challenging the defendants authority to assess and collect rollback taxes for 1977 and subsequent years.

We next consider whether these taxes were authorized by law. Sections 20a—1 through 20a—3 were repealed by an act effective September 14, 1983. The appellate court, citing our decision in *People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, held that the express repeal of these sections—without a saving clause—terminated the defendants' authority to assert rollback taxes

in all proceedings pending at the time of the repeal. (*Isenstein v. Rosewell* (1984), 126 Ill. App. 3d 211, 215.) Defendants do not contest the validity of the appellate court's reasoning. Rather, they argue that section 329 of the Act (Ill. Rev. Stat. 1977, ch. 120, par. 810) provides a general saving clause which preserves their power to assert rollback taxes as to all pending proceedings.

Section 329 was enacted in 1939 at the time the Revenue Act was adopted. It is not a general saving clause as defendants contend. In fact, section 329 makes sense only when it is read in conjunction with section 328 of the Act (Ill. Rev. Stat. 1939, ch. 120, par. 809). Section 328 contains a list of acts repealed by the Revenue Act of 1939. Section 329, which directly follows, states: "The repeal of *said Acts* shall not be construed to impair any right existing, or affect any proceeding pending, *at the time this Act shall take effect* \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 120, par. 810.) The clear import of these two sections is that section 329 addresses only those particular acts listed in section 328. Thus, section 329 is not applicable to this case.

In the absence of a general saving clause or a saving clause within the repealing act, the effect of the repeal of a statute "is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed." (1A J. Sutherland, Statutory Construction sec. 23.33, at 279 (4th ed. 1972).) This is the rule of law which has been followed in this State, and which was correctly applied by the appellate court in the instant case. (See, *e.g., People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 373-74; *People v. Carpenter* (1916), 274 Ill. 103, 105; *Vance v. Rankin* (1902), 194 Ill. 625, 627-28; *Show of Shows, Inc. v. Illinois Liquor Control Com.* (1967), 86 Ill. App. 2d 109, 116-17.) Accordingly, we find that the express

repeal of sections 20a—1 through 20a—3 terminated defendants' authority to collect the rollback taxes in question, as well as all such taxes in the future.

For the reasons stated above, the judgment of the appellate court is affirmed.

*Judgment affirmed.*