Todd SCOTT, Plaintiff,

v.

MIDWEST, LTD., an Illinois corporation; Kraus–Anderson Construction Company, a Minnesota corporation; Whiteman Enterprises, a California corporation, We Liquidating Co., a California corporation; and Construction Forms, Inc., a Wisconsin corporation, Defendants.

No. 95–4015.

United States District Court, C.D. Illinois.

July 31, 1996.

**736**

David W. Stuckel, Harvey & Stuckel, Peoria, IL, for Todd Scott.

Eric F. Schwarz, Hector L. Lareau, Snyder & Schwarz, P.C., Rock Island, IL, for Midwest, Ltd., and Midwest Ltd. Concrete Pumping Co.

Stephen T. Fieweger, Katz McHard Balch Lefstein & Fieweger PC, Rock Island, IL, for Krause-Anderson Construction Company.

John C. Mulgrew, Heyl Royster Voelker & Allen, Peoria, IL, for Construction Forms Inc.

### ORDER

McDADE, District Judge.

■ Before the Court is Defendants' Motion to Dismiss or Motion for Partial Summary Judgment as to Count III of Plaintiff's Third Amended Complaint [Doc. # 66]. Count III alleges an action under the Illinois Structural Work Act (SWA). Defendant contends that because the Act was repealed as of February 14, 1995, P.A. 89–2, § 5, Plaintiff can no longer bring such an action. The Court agrees.

Illinois law is clear on this point:

The unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered.

*People ex rel. Eitel v. Lindheimer,* 371 Ill. 367, 21 N.E.2d 318, 321, *appeal dismissed,* 308 U.S. 505, 60 S.Ct. 112, 84 L.Ed. 432 (1939); *see also Isenstein v. Rosewell,* 106 Ill.2d 301, 88 Ill.Dec. 15, 20, 478 N.E.2d 330, 335 (1985); *Shelton v. City of Chicago,* 42 Ill.2d 468, 248 N.E.2d 121, 123–24 *cert. denied,* 396 U.S. 906, 90 S.Ct. 222, 24 L.Ed.2d 182 (1969). The Structural Work Act was repealed without an express savings clause in the statutory language; it merely stated, "The Structural Work Act is repealed." P.A. 89–2, § 5. Thus, it would appear that *Eitel* and its progeny directly foreclose a suit under that Act.

■ However, the preamble to the repealing statute gives the Court pause. It states:

WHEREAS, It is the intent of the General Assembly that the repeal of the Structural Work Act shall operate as a bar to any action accruing on or after the effective date of this Public Act; and

WHEREAS, It is the intent of the General Assembly that any action accruing under the Structural Work Act before the effective date of this Public Act may be maintained in accordance with the provisions of

the Act as it existed before its repeal by this Public Act . . .

Yet, a preamble is not part of the Act itself; it may only be used to clarify ambiguous provisions of a statute. *Triple A Servs., Inc. v. Rice,* 131 Ill.2d 217, 137 Ill.Dec. 53, 56, 545 N.E.2d 706, 709 (1989); *Brown v. Kirk,* 64 Ill.2d 144, 355 N.E.2d 12, 16–17 (1976); *Illinois Independent Tel. Assoc. v. Illinois Commerce Commission,* 183 Ill.App.3d 220, 132 Ill.Dec. 154, 163, 539 N.E.2d 717, 726 (4th Dist.1988), *appeal denied,* 127 Ill.2d 616, 136 Ill.Dec. 587, 545 N.E.2d 111 (1989). Where, as here, the statutory enacting language simply states, "The Structural Work Act is repealed,"[1] there is no ambiguity and the preamble may not be used to depart from its plain language.[2] Under Illinois law, the legislature is presumed to be aware of such judicial decisions concerning prior and existing law and legislation. *Kozak v. Retirement Bd. of Firemen's Annuity & Benefit Fund of Chicago,* 95 Ill.2d 211, 69 Ill.Dec. 177, 181, 447 N.E.2d 394, 398 (1983); *Heineman v. Hermann,* 385 Ill. 191, 52 N.E.2d 263, 265 (1943).

Furthermore, the Illinois Supreme Court has recently refused to divine the legislature's intent in order to determine the retroactive effect of statutory amendments. *First of Am. Trust Co. v. Armstead,* 171 Ill.2d 282, 215 Ill.Dec. 639, 642–643, 664 N.E.2d 36, 39–40 (1996). Instead, the court has opted for a "vested rights approach," in which it merely applies the law as it exists at the time unless doing so would interfere with a "vested right." *Id.* A vested right is a "complete and unconditional demand or exemption that may be equated with a property interest." *Id.* 215 Ill.Dec. at 643, 664 N.E.2d at 40. There is no vested right in the mere continuance of a law; the legislature has an ongoing right to amend a statute. *Id.*

Similarly, here, Plaintiff has no vested right in the mere continuance of his rights under the Structural Work Act. The legislature had every right to repeal the statute. It cannot be said that the Structural Work Act bestowed a property interest upon Plaintiff under the due process clause. This is all the more clear when considered in light of the Illinois Supreme Court's refusal to give a special remedial statute (such as the SWA) vested rights upon its repeal. *See Eitel,* 21 N.E.2d at 321.

Plaintiff points out that a number of Illinois appellate courts have decided cases involving the Structural Work Act even after the date of its repeal. *See, e.g., Duncan v. Church of the Living God,* 278 Ill.App.3d 588, 215 Ill.Dec. 231, 662 N.E.2d 1371 (1st Dist. 1996); *Natalino v. JMB Realty Corp.,* 277 Ill.App.3d 270, 213 Ill.Dec. 881, 660 N.E.2d 138 (1st Dist.1995); *Boyce v. Risch,* 276 Ill. App.3d 274, 212 Ill.Dec. 800, 657 N.E.2d 1145 (1st Dist.1995); *Donovan v. Beloit Corp.,* 275 Ill.App.3d 25, 211 Ill.Dec. 410, 655 N.E.2d 313 (2d Dist.1995). However, this Court is not obligated in a diversity case to follow the opinions of Illinois appellate courts; rather, the Court must divine what the Illinois Supreme Court would hold in such a situation. The analysis set forth above is founded upon decisions of the Illinois Supreme Court and should be followed in this case. Moreover, the parties did not raise the issue of the statute's repeal in any of the appellate court cases cited by Plaintiff; thus, they are not conclusive one way or the other on this issue. For these reasons, Defendant's motion to dismiss Count III must be granted.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or Motion for Partial Summary Judgment as to Count III of Plaintiff's Third Amended Complaint [Doc. # 66] is **GRANTED.** This case is referred

---

1. Article IV, section 8 of the Illinois Constitution states that the enacting clause of all Illinois laws shall read, "Be it enacted by the People of the State of Illinois, represented in the General Assembly." This prefatory language follows the preamble and precedes the repealing clause of the SWA.

2. While it is true that courts should give effect to the intent of the legislature, *Boaden v. Department of Law Enforcement,* 171 Ill.2d 230, 215 Ill.Dec. 664, 668, 664 N.E.2d 61, 65 (1996), Illinois law makes clear that such intent must be divined from the enacting language itself where such language is unambiguous.

back to Magistrate Judge Kauffman for further proceedings.