## William HENDRICKSON and Rita Hendrickson, Plaintiffs,

v.

## GUNTHER–NASH MINING CONSTRUCTION COMPANY, INC., Exxon Coal USA, Inc., d/b/a Monterey Coal Company, a corporation, Defendants.

### No. 96–3245.

United States District Court,
C.D. Illinois,
Springfield Division.

Feb. 18, 1997.

Harry W. Anderson, Godfrey, IL, Lance R. Mallon, Wood River, IL, for plaintiffs.

Kent L. Plotner, Robert H. Shultz, Jr., Mark D. Ward, Edwardsville, IL, Edward S. Bott, Jr., Belleville, IL, for defendants.

## *OPINION*

RICHARD MILLS, District Judge:

The Illinois Structural Work Act.

The Illinois General Assembly giveth.

The Illinois General Assembly taketh away.

### I. FACTS

As alleged in the Amended Complaint, Gunther–Nash Mining Construction Company and Exxon Coal USA, Inc. hired Timmons Electric Company to perform some electrical work on a new structure at the Monterey Coal Company's plant in Carlinville, Illinois. William H. Hendrickson worked for Timmons Electric Company. On January 23, 1993, Hendrickson, while working for Timmons Electric Company on the new structure at Monterey Coal's plant, was injured when he tried to climb out of the "elevator."[1] Hendrickson claims that his injuries were directly and proximately caused by Gunther–Nash's and Exxon Coal's failure to comply with the Illinois Structural Work Act ("Act"). Furthermore, the wife, Rita Hendrickson, claims a loss of services and a loss of consortium as a result of the injuries sustained by her husband due to Gunther–Nash's and Exxon Coal's failure to comply with the Act.

---

1. The Amended Complaint describes the elevator as a huge caldron without any doors.

## II. LEGAL STANDARD FOR MOTIONS TO DISMISS

■ In ruling on a motion to dismiss, the Court "must accept well pleaded allegations of the complaint as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984). Mere conclusions, without supporting factual allegations, are insufficient to support a claim for relief. *Cohen v. Illinois Inst. of Tech.*, 581 F.2d 658, 663 (7th Cir.1978). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## III. ANALYSIS

■ In Counts I, III, VII, and IX of their Amended Complaint, Plaintiffs allege that Defendants violated the Illinois Structural Work Act. Repealed, formerly 740 ILCS 150/.01 *et seq.* The Illinois General Assembly, however, repealed the Act effective February 14, 1995. *See* Illinois P.A. 89–2 § 5. Defendants, therefore, argue that because the Act has been repealed, Plaintiffs no longer have a cause of action pursuant to the Act. On the other hand, Plaintiffs argue that the repeal only bars actions which accrued on or subsequent to February 14, 1995. Because Plaintiffs' cause of action accrued prior to February 14, 1995, Plaintiffs assert that the repeal of the Act is inapplicable to the case at bar.

For the reasons set forth below and for those contained within *Scott v. Midwest, Ltd.*, 933 F.Supp. 735 (C.D.Ill.1996), the Court finds that the repeal of the Illinois Structural Work Act is applicable to both prospective and pending causes of action. Accordingly, Counts I, III, VII, and IX of Plaintiffs' Amended Complaint are dismissed.

All of the parties agree that the Illinois General Assembly repealed the Act without including an express savings clause in the statutory language. The amendment merely states that "The Structural Work Act is repealed." P.A. 89–2 § 5. In Illinois,

> The unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered.

*People ex rel. Eitel v. Lindheimer*, 371 Ill. 367, 373, 21 N.E.2d 318, 321 (Ill.1939); *see also Isenstein v. Rosewell*, 106 Ill.2d 301, 310–11, 478 N.E.2d 330, 335, 88 Ill.Dec. 15, 20 (Ill.1985).

■ When the Illinois General Assembly repeals a statute, the presumption is that the repeal is "to be applied retroactively, unless there is an expression of legislative intent to the contrary." *Randall v. Wal–Mart Stores, Inc.*, 284 Ill.App.3d 970, 673 N.E.2d 452, 455, 220 Ill.Dec. 540, 543 (Ill. App.Ct.1996). "When a repealing act is passed and nothing is substituted for the former act, the former act will be construed as having no more force or effect." *Id.*, citing *City of Chicago v. Degitis*, 383 Ill. 171, 175, 48 N.E.2d 930, 932 (Ill.1943).

In the instant case, there is no expression of legislative intent contained within the enacting language itself which indicates that the General Assembly intended the repeal to be applied to prospective causes of action only. Furthermore, no other act has been substituted for the Illinois Structural Work Act. Thus, the repeal of the Illinois Structural Work Act stops Plaintiffs' pending cause of action just as if the Act had never been enacted and just as if the cause of action had never existed. *Holcomb v. Boynton*, 151 Ill. 294, 297, 37 N.E. 1031, 1032 (Ill.1894).

Yet, Plaintiffs argue that the Illinois General Assembly has indicated its intent that the repeal of the Act should be applied only to causes of action accruing on or after February 14, 1995. Plaintiffs point to the preamble of Public Act 89–2 which states:

WHEREAS, It is the intent of the General Assembly that the repeal of the Structural Work Act shall operate as a bar to any action accruing on or after the effective date of this Public Act; and WHEREAS, It is the intent of the General Assembly that any action accruing under the Structural Work Act before the effective date of this Public Act may be maintained in accordance with the provisions of that Act as it existed before its repeal by this Public Act.

Accordingly, Plaintiffs argue that they have not lost their claim pursuant to the Act because their cause of action accrued two years before the effective date of the repeal.

■ However, a preamble is not part of an act itself and should be consulted only to clarify ambiguous provisions of a statute. *See Triple A Serv., Inc. v. Rice,* 131 Ill.2d 217, 226–27, 545 N.E.2d 706, 709, 137 Ill.Dec. 53, 56 (Ill.1989); *see also Brown v. Kirk,* 64 Ill.2d 144, 152, 355 N.E.2d 12, 16–17 (Ill. 1976). In the case at bar, the Court finds that the repeal of the Illinois Structural Work Act is unambiguous, and therefore, the Court need not refer to Public Act 89–2's preamble. Public Act 89–2 § 5 simply states that the Act is repealed. The General Assembly did not indicate any intention within the enacting language itself to rebut the presumption that repeals are to be applied retroactively, and the Court declines to depart from the plain language of the statute as it has been enacted.

■ Finally, Plaintiffs argue that if the repeal of the Illinois Structural Work Act is given retroactive effect, then, the repeal is unconstitutional because the repeal would deprive them of the equal protection of the law without due process. However, the Illinois Supreme Court has opted for a "vested rights approach" when determining whether to apply an amended or a pre-amended law. *First of Am. Trust Co. v. Armstead,* 171 Ill.2d 282, 289–90, 664 N.E.2d 36, 39, 215 Ill.Dec. 639, 642 (Ill.1996). The vested rights approach means that a court should apply the law as it exists at the time that a motion or an appeal is being considered, unless doing so would interfere with a vested right. *Id.* A vested right is a "complete and unconditional demand or exemption that may be equated with a property interest." *Id.*

■ In the case *sub judice,* the Court cannot say that Plaintiffs have a vested right in the continuation of the Illinois Structural Work Act. *Id.; Envirite Corp. v. Illinois Envtl. Protection Agency,* 158 Ill.2d 210, 215, 632 N.E.2d 1035, 1037, 198 Ill.Dec. 424, 426 (Ill.1994). A cause of action under the Illinois Structural Work Act cannot be equated with a property interest. Moreover, the legislature has an ongoing right to amend and/or repeal a statute. *Id.* "The legislature has the power to withdraw the jurisdiction of the court over statutory causes of action by repealing the act, and the result of a repeal given retroactive application is to leave all such causes of action and pending suits where they are at the time of the repeal." *Randall,* 284 Ill.App.3d at 972, 673 N.E.2d at 455, 220 Ill.Dec. at 543. In effect, the General Assembly has deprived the Court of subject matter jurisdiction by repealing an act which has no counterpart in common law or in equity. *Id.* Accordingly, Counts I, III, VII, and IX of Plaintiffs' Amended Complaint are dismissed.

## IV. CONCLUSION

*Ergo,* Defendant Exxon Coal USA, Inc.'s Motion to Dismiss Counts III and IX of Plaintiffs' Amended Complaint and Defendant Gunther–Nash Mining Construction Company's Motion to Dismiss Counts I and VII of Plaintiffs' Amended Complaint are ALLOWED. Accordingly, Counts I, III, VII, and IX of Plaintiffs' Amended Complaint are DISMISSED WITH PREJUDICE. Defendant Exxon Coal USA, Inc.'s Motion for Summary Judgment as to Counts III and IX of Plaintiffs' Amended Complaint and Defendant Gunther–Nash Mining Construction Company's Motion for Summary Judgment as to Counts I and VII of Plain-

tiffs' Amended Complaint are DENIED as moot.