Docket Nos. 82220, 82221 cons.–Agenda 25–March 1997.

LARRY D. ATKINS, Appellee, v. DEERE & COMPANY 
et al
., Appellants.–THOMAS E. KIENITZ, Appellant, v. BRADLEY & BRADLEY, INC., 
et al
., Appellees.

Opinion filed Septmeber 11, 1997.

JUSTICE McMORROW delivered the opinion of the court:

We granted leave to appeal in this consolidated case in order to determine whether the repeal of the Illinois Structural Work Act (740 ILCS 150/0.01 
et seq.
 (West 1994)) operates as a bar to all causes of actions which accrued prior to the effective date of the repeal. 134 Ill. 2d R. 302(b). For the reasons that follow, we conclude that all such causes of actions are preserved.

BACKGROUND

Plaintiffs, Larry D. Atkins and Thomas E. Kienitz, each filed a lawsuit pursuant to the Structural Work Act to recover damages for injuries they received while working on separate construction sites. During the pendency of these actions, the Illinois General Assembly repealed the Structural Work Act, effective February 14, 1995. The repealing statute, Public Act 89–2, provides 
in toto
:

“PUBLIC ACT 89–0002

(House Bill No. 201)

AN ACT to repeal the Structural Work Act.

WHEREAS, It is the intent of the General Assembly that the repeal of the Structural Work Act shall operate as a bar to any action accruing on or after the effective date of this Public Act; and

WHEREAS, It is the intent of the General Assembly that any action accruing under the Structural Work Act before the effective date of this Public Act may be maintained in accordance with the provisions of that Act as it existed before its repeal by this Public Act; therefore

Be it enacted by the People of the State of Illinois, represented in the General Assembly:

(740 ILCS 150/Act rep.)

Section 5. The Structural Work Act is repealed.

Section 99. This Act takes effect upon becoming law.

Passed in the General Assembly February 9, 1995.

Approved February 14, 1995.

Effective February 14, 1995.” Pub. Act 89–2, eff. February 14, 1995 (rep. 740 ILCS 150/0.01 
et seq.
 (West 1994)).

Shortly thereafter, defendants in both of the instant actions moved for dismissal of plaintiffs' complaints based upon the above quoted repealer. Defendants argued that although the legislature expressed an intention to apply the repealing act prospectively, that intention appeared in the introductory paragraphs preceding the words “Be it enacted ***.” According to defendants, those paragraphs merely constituted a preamble and, as such, could not be considered a part of the act itself. Defendants further submitted that the paragraphs following the enacting clause, 
i.e.
, “The Structural Work Act is repealed” and “This Act takes effect upon becoming law,” constituted the only operative portions of the statute. Defendants concluded, therefore, that because the legislature repealed the Structural Work Act without a saving clause, and because plaintiffs did not have a vested right in the continuation of the Structural Work Act, plaintiffs' statutory cause of action ceased as of the date of the repeal.

The circuit court in Atkins v. Deere & Co., No. 82220, disagreed with defendants and denied the motion to dismiss. The court held that the language contained in the preamble evinced a legislative intent not to give the repealing act retrospective effect. Finding that the issue involved a question of law as to which there was a substantial ground for a difference of opinion (155 Ill. 2d R. 308), the Atkins court certified the following question for our review:

“Does the statute, known as Public Act 89–2, which repealed the Structural Work Act, bar all claims under the Structural Work Act regardless of when the causes of action accrued and including cases that are pending in the trial or appellate courts?”

In contrast to the Atkins court, the circuit court in Kienitz v. Bradley & Bradley, Inc., No. 82221, agreed with defendants that the preamble was not a part of the act itself. The court further ruled that because the legislature repealed the Structural Work Act without a saving clause, plaintiff's statutory cause of action no longer existed. Accordingly, the court granted defendants' motion to dismiss. As in Atkins, the court entered an order pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), asking us to decide:

“Does the Repeal of the Structural Work Act of Illinois (Ch. 48, Sec. 60–69, Illinois Revised Statutes) on February 14, 1995 (P.A. 89–2) apply retroactively to terminate a cause of action under the Structural Work Act which accrued prior to February 14, 1995?”

We answer each of the certified questions in the negative.

DISCUSSION

The critical inquiry in this case is whether Public Act 89–2 constitutes an unconditional repeal of the Structural Work Act. The resolution of this issue turns upon whether we must, under our prior case law, disregard the legislature's express statement that “any action accruing under the Structural Work Act before the effective date of this [repealer] may be maintained in accordance with the provisions of that Act.” A review of our past precedent, therefore, is necessary to a proper understanding of today's decision.

We note that the unconditional repeal of a remedial statute without a saving clause stops all pending actions where the repeal finds them. 
People ex rel. Eitel v. Lindheimer
, 371 Ill. 367, 373 (1939). See also 
Wall v. Chesapeake & Ohio Ry. Co.
, 290 Ill. 227 (1919); 
Shelton v. City of Chicago
, 42 Ill. 2d 468 (1969); 
Isenstein v. Rosewell
, 106 Ill. 2d 301 (1985). As early as 1871, this court held that “[t]he effect of a repealing statute is to obliterate the prior law as completely from the records as if it had never passed, and it must be considered as a law that never existed.” 
Van Inwagen v. City of Chicago
, 61 Ill. 31, 34 (1871) (citing 
Key v. Goodwin
, 4 Moore & Payne 341 (Ex. Ch. 1830), and Dwarris on Statutes 676). More recently, this court held that “[i]n the absence of a general saving clause or a saving clause within the repealing act, the effect of the repeal of a statute `is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed.' ” 
Isenstein v. Rosewell
, 106 Ill. 2d 301, 310 (1985), quoting 1A C. Sands, Sutherland on Statutory Construction §23.33, at 279 (4th ed. 1972). The only exceptions to the foregoing rule involve (i) contractual obligations and (ii) vested rights, neither of which may be affected by the repeal of the act upon which they are grounded. 
Lindheimer
, 371 Ill. at 372. These exceptions are derived from court decisions which hold that the legislature cannot pass a retrospective law impairing the obligation of a contract, nor can it deprive a person of a vested right by a mere legislative act. 
Lindheimer
, 371 Ill. at 372. See also 
Shelton v. City of Chicago
, 42 Ill. 2d 468 (1969); 
Maiter v. Chicago Board of Education
, 82 Ill. 2d 373 (1980).

Applying these principles to the instant case, we must first determine whether Public Act 89–2 contains an effective saving clause. As noted above, the General Assembly expressly indicated that “any action accruing under the Structural Work Act before the effective date of this [repealer] may be maintained in accordance with the provisions of that Act.” Ordinarily, there would be little difficulty in construing these words as an effective saving clause, for they clearly evince the legislative intent to preserve all causes of action which had accrued prior to the effective date of the repeal. However, contrary to customary legislative practice, the General Assembly included these words within the preamble to Public Act 89–2 rather than within the body of the act itself. Although the placement or location of the legislature's intent may initially appear to be inconsequential, the location becomes significant in light of our case law which treats a statute's preamble differently from its body, or “purview.”

Under Illinois law, a preamble “is not a part of the Act itself (
Triple A Services, Inc. v. Rice
, 131 Ill. 2d 217, 227 (1989)) and has no substantive legal force.” 
Lieber v. Board of Trustees of Southern Illinois University
, 176 Ill. 2d 401, 414 (1997); see also 
Brown v. Kirk
, 64 Ill. 2d 144, 152 (1976). Because a preamble customarily precedes the enacting clause, “ `[it] is not regarded as being an operative part of statutory enactments.' ” 
Monarch Gas Co. v. Illinois Commerce Comm'n
, 261 Ill. App. 3d 94, 99 (1994), quoting 
Illinois Independent Telephone Ass'n v. Illinois Commerce Comm'n
, 183 Ill. App. 3d 220, 236-37 (1988). A preamble cannot, by itself, prescribe rights or establish duties, but may only be used as a tool of statutory construction. See, 
e.g.
, 
Triple A Services, Inc. v. Rice
, 131 Ill. 2d 217, 227 (1989) (preamble may be used to clarify an ambiguous act).

In contrast to a preamble, the purview of an act consists of “[t]hat part of a statute *** commencing with the words `Be it enacted,' and continuing as far as the repealing clause.” Black's Law Dictionary 1237 (6th ed. 1990); see also 1A N. Singer, Sutherland on Statutory Construction §20.07, at 89 (5th ed. 1992) (referring to purview as the “action part” of a statute). Not only does the purview recite the jurisdiction of the legislature 
vis-a-vis
 the enacting clause, it also contains the operative portion of the legislative enactment. As a result, if the legislature desires to preserve a statutory cause of action by means of a saving clause, it ordinarily does so by including that clause within the purview of an act rather than its preamble.

In view of above precedent, defendants argue that the General Assembly's statement regarding the prospective application of the instant repealer, found in the preamble, cannot be construed as a valid saving clause. In fact, two federal district courts have used this same analysis in ruling that the preamble at issue here did not preserve accrued causes of actions under the Structural Work Act. In 
Scott v. Midwest Ltd.
, 933 F. Supp. 735 (C.D. Ill. 1996), the court noted that a preamble, not being a part of the act itself, “may only be used to clarify ambiguous provisions of a statute.” 
Scott
, 933 F. Supp. at 737 (citing, 
inter alia
, 
Triple A Services, Inc. v. Rice
, 131 Ill. 2d 217 (1989), and 
Brown v. Kirk
, 64 Ill. 2d 144 (1976)). The court further observed that the enacting language in Public Act 89–2 states only that “The Structural Work Act is repealed.” Based upon this language, the court found no ambiguity within the repealing act which would justify the court's reference to its preamble. 
Scott
, 735 F. Supp. at 737. Accordingly, the court declined to depart from the plain language of the purview, holding instead that the Structural Work Act was repealed without a saving clause. 
Scott
, 735 F. Supp. at 736-37.

Similarly, in 
Hendrickson v. Gunther-Nash Mining Construction Co.
, 955 F. Supp. 87 (C.D. Ill. 1997), the court noted that, under Illinois law, a preamble could only be used to clarify an ambiguity within the body of the act itself. As in 
Scott
, the court found that the enacting language repealing the Structural Work Act was unambiguous; hence, resorting to its preamble was unwarranted. 
Hendrickson
, 955 F. Supp. at 90. The court ultimately concluded that “[t]he General Assembly did not indicate any intention within the enacting language itself to rebut the presumption that repeals are to be applied retroactively ***.” 
Hendrickson
, 955 F. Supp. at 90. The court, therefore, “decline[d] to depart from the plain language of the statute as it has been enacted.” 
Hendrickson
, 955 F. Supp. at 90.

Plaintiffs, on the other hand, refer us to 
Randall v. Wal-Mart Stores, Inc.
, 284 Ill. App. 3d 970 (1996), in which our appellate court reached a conclusion opposite to that of the federal courts. In addressing the issue of the preamble, the appellate court acknowledged that the General Assembly did not include a saving clause within the body of the repealing act. Nevertheless, the court noted that “[a] repealing act which does not state whether it is to be applied retroactively or prospectively is ambiguous to that extent.” 
Randall
, 284 Ill. App. 3d at 973. Having found the requisite ambiguity from the legislature's silence, the court turned to the preamble contained in Public Act 89–2 in order to ascertain legislative intent. 
Randall
, 284 Ill. App. 3d at 974, citing 
Triple A Services, Inc. v. Rice
, 131 Ill. 2d 217, 226-27 (1989). That intent dictated that the repealer be applied prospectively only. 
Randall
, 284 Ill. App. 3d at 975.

We agree with the appellate court in 
Randall
 that the preamble to Public Act 89–2 may be used to resolve the issue presented in the case at bar. However, unlike the 
Randall
 court, we do not believe that we are justified in resorting to the preamble on the basis of an ambiguity in the present statute. The purview of Public Act 89–2 states that “The Structural Work Act is repealed” and “This Act takes effect upon becoming law.” As the federal courts correctly observed in 
Scott
 and 
Hendrickson
, there is nothing ambiguous about this language. Moreover, we cannot agree with the appellate court that an ambiguity exists as a result of the legislature's silence on the issue of prospectivity. See 
Randall
, 284 Ill. App. 3d at 973. That silence only creates a rebuttable presumption that Public Act 89–2 is to be applied retroactively. See 
Hendrickson
, 955 F. Supp. at 89, citing 
Randall
, 284 Ill. App. 3d at 973. A rebuttable presumption of retroactivity, however, is not the same as an ambiguity. We believe that the appellate court improperly likened this presumption to an ambiguity in an attempt to justify the court's reliance upon the preamble. The appellate court, like the federal courts, mistakenly believed that our decision in 
Triple A Services, Inc. v. Rice
, 131 Ill. 2d 217 (1989), restricted a court from resorting to a preamble absent an ambiguity in the statute. A close examination of that decision, however, compels a far less narrow conclusion.

In 
Triple A Services
, this court granted leave to appeal from a decision of the appellate court which held a municipal ordinance unconstitutional. The appellate court based its holding upon an ambiguity that arose only after the appellate court had compared the language of the ordinance with the language of an unadopted preamble. This court condemned this practice, stressing that “[w]hile a policy section, like a preamble, may be used to 
clarify
 ambiguous portions of an act, it may not be used to 
create
 an ambiguity in a statute or an ordinance.” (Emphasis added.) 
Triple A Services
, 131 Ill. 2d at 227. Accordingly, we reversed the decision of the appellate court.

It is important to keep in mind that the statement in 
Triple A Services
 regarding the proper use of a preamble in 
clarifying
 ambiguities was made in direct response to the appellate court's improper use of the preamble in 
creating
 ambiguities. As such, this court did not address the question of whether a court may, under other circumstances, justifiably rely upon a preamble as a tool for ascertaining legislative intent. Indeed, nothing in that opinion supports the proposition that the use of a preamble is limited 
solely
 to resolving ambiguities. For these reasons, we do not read 
Triple A Services
 as narrowly or as rigidly as did the courts in 
Scott
, 
Hendrickson
, or 
Randall
.

As noted above, Public Act 89–2 does not expressly indicate whether it is to be applied prospectively or retroactively. Under these circumstances, a presumption of retroactive application is created which may be rebutted by an expressed contrary legislative intent. The court in 
Randall
 acknowledged the rebuttable presumption when it stated, “For repeals, the presumption is that the legislature intended the repealing statute to be applied retroactively, unless there is an expression of legislative intent to the contrary.” 
Randall
, 284 Ill. App. 3d at 973; see also 
Hendrickson
, 955 F. Supp. at 89, quoting 
Randall
, 284 Ill. App. 3d at 973 (“When the Illinois General Assembly repeals a statute, the presumption is that the repeal is `to be applied retroactively, unless there is an expression of legislative intent to the contrary' ”). We hold today that the expression of contrary legislative intent necessary to rebut this presumption may be gleaned from the preamble itself.

The preamble has long been recognized as one of the quintessential sources of legislative intent. The fact that the preamble often accompanies a bill throughout the legislative process, is voted upon by the members of the General Assembly, and is included in the text which is presented to the Governor for signature highlights the unique character of the preamble in terms of legislative intent. See 
Randall
, 284 Ill. App. 3d at 974, citing 2A N. Singer, Sutherland on Statutory Construction §47.04, at 146-47 (5th ed. 1992). In this regard, we note that a preamble constitutes a stronger expression of intent than does a passing comment made by a single legislator during legislative debates.
(footnote: 1) Thus, we are not confronted with a situation where the contrary legislative intent needed to rebut the presumption of retroactivity is cloaked in doubt or uncertainty.

Equally important, however, is the fact that our decision is faithful to the cardinal rule of statutory construction which dictates that courts must ascertain and give effect to the true intent and meaning of the legislature. See 
State Farm Fire & Casualty Co. v. Yapejian
, 152 Ill. 2d 533, 540-41 (1992). But for the silence in the enacting language, from which the rebuttable presumption arose, we have not found 
any
 evidence that the General Assembly intended a retroactive application of Public Act 89–2. Therefore, under the circumstances of this case, we would be defeating legislative intent, rather than giving effect to it, if we were to accept defendants' contentions that Public Act 89–2 constitutes an unconditional repeal of the Structural Work Act. No discernible purpose would be served by our refusal to give effect to the intent of the legislature, unequivocally expressed in the preamble.
(footnote: 2)
We wish to emphasize that today's decision complements our holding in 
Triple A Services
 which recognizes the utility of a preamble as a tool of statutory construction in ascertaining legislative intent. Nothing in this opinion should be construed as a departure from our prior decisions which hold that a preamble is not a part of the act. See 
Lieber v. Board of Trustees of Southern Illinois University
, 176 Ill. 2d 401 (1997); 
Triple A Services, Inc. v. Rice
, 131 Ill. 2d 217 (1989); 
Brown v. Kirk
, 64 Ill. 2d 144 (1976). To the extent that any 
express
 language in a statute contradicts a preamble, the statutory language controls.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court in Atkins v. Deere & Co., No. 82220, and reverse the judgment of the circuit court in Kienitz v. Bradley & Bradley, No. 82221. We remand the matters to the circuit courts for further proceedings consistent with this opinion.

No. 82220–Affirmed and remanded;

No. 82221–Reversed and remanded.

JUSTICE HEIPLE took no part in the consideration or decision of this case.

JUSTICE MILLER, specially concurring:

Although I agree with the result reached by the majority in these consolidated cases, I do not join the majority's reasoning. In my view, the better, and more direct, analysis is simply to acknowledge the apparent conflict between the clear language of the amended statute, on one hand, and the equally clear language used in the preamble and in the legislative debates, on the other hand, and to recognize that the statute, as enacted, fails to convey the legislature's intended meaning. The preamble and the legislative debates plainly demonstrate that the legislature did not intend for the repeal of the Structural Work Act (740 ILCS 150/0.01 through 9 (West 1994)) to affect existing causes of action, and we should construe the repealer accordingly.

The majority invokes what it terms a rebuttable presumption of retroactivity and then uses the preamble to the repealing statute, Public Act 89–2, to rebut the presumption. The ultimate source cited by the majority for the presumption, however, is 
Randall v. Wal-Mart Stores, Inc.
, 284 Ill. App. 3d 970 (1996), whose rationale the majority declines to follow. 
Randall
, which addressed the same question posed here, construed the text of the present statute as ambiguous (
Randall
, 284 Ill. App. 3d at 973 (“A repealing act which does not state whether it is to be applied retroactively or prospectively is ambiguous to that extent”)) and then employed the language of the preamble to resolve the ambiguity.

By characterizing the rule of retroactivity as a presumption, the court in 
Randall
 was able to devise a way to surmount the plain language of the repealer. The rule of retroactivity applicable to the repeal of remedial provisions is generally expressed in stronger terms, however. It is difficult to reconcile the majority's view of the presumption of retroactivity, and how it may be rebutted, with the statements in the case law explaining the typical operation of a statute that repeals a remedial provision. As this court has previously observed, and as the majority notes elsewhere in today's opinion (slip op. at 3), “the unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them.” 
People ex rel. Eitel v. Lindheimer
, 371 Ill. 367, 373 (1939). In 
Isenstein v. Rosewell
, 106 Ill. 2d 301, 310 (1985), this court explained:

“In the absence of a general saving clause or a saving clause within the repealing act, the effect of the repeal of a statute `is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed.' (1A J. Sutherland, Statutory Construction sec. 23.33, at 279 (4th ed. 1972).)”

The repealing statute, Public Act 89–2, does not contain a saving clause within its text; moreover, the general saving clause found in section 4 of the Statute on Statutes (5 ILCS 70/4 (West 1996)) is not applicable to legislation that repeals special statutory remedies like the Structural Work Act (
Shelton v. City of Chicago
, 42 Ill. 2d 468, 473-74 (1969)).

The means by which the majority permits its presumption of retroactivity to be rebutted should also be contrasted with the means that may be used to rebut the presumption of prospectivity that typically attends legislative enactments. 
Rivard v. Chicago Fire Fighters Union, Local No. 2
, 122 Ill. 2d 303, 309 (1988). The latter presumption is said to be rebuttable not by extrinsic evidence, as the majority allows here, but only by the statute itself. 
Rivard
, 122 Ill. 2d at 309 (“The presumption of prospectivity is rebuttable, but only by the act itself. Either by express language or necessary implication, the act must clearly indicate that the legislature intended a retroactive application”). By relying on sources outside the language of the act, the majority makes its presumption of retroactivity much weaker than the analogous presumption of prospectivity described in 
Rivard
.

Another problematic link in the majority's reasoning is its attempt to explain how a preamble may be used for purposes other than to clarify ambiguities–here, to rebut the presumption of retroactivity described above. The majority takes aim at the proposition that a preamble may be used to clarify ambiguities but may not be used to create them. In its discussion of this point, the majority focuses solely on 
Triple A Services, Inc. v. Rice
, 131 Ill. 2d 217 (1989), attempting to show that the opinion in that case did not foreclose the use of preambles for purposes other than the clarification of ambiguities. The majority's analysis is incomplete, however: what the majority overlooks is that 
Triple A Services
 is not the only case to suggest that the role of a preamble is limited to clarifying existing ambiguities. Other authorities contain similar statements, and the majority, under the approach it adopts here, needs to account for the other decisions as well. See, 
e.g.
, 
Brown v. Kirk
, 64 Ill. 2d 144, 152-53 (1976). Indeed, the limitation under challenge by the majority seems entirely consistent with courts' normal practice of employing interpretive aids, such as a preamble, only when the legislative text is less than clear–that is, when the language of the statute is ambiguous–yet here the majority finds the statute unambiguous.

Although I disagree with the majority's mode of analysis, I agree with the majority's ultimate conclusion and holding. I believe that the statute at issue here should be placed in that select group of cases in which courts are permitted to supply missing language to correct oversights by the legislature. See, 
e.g.
, 
Carey v. Elrod
, 49 Ill. 2d 464, 470 (1971); 
People v. Hudson
, 46 Ill. 2d 177, 181 (1970); 
People ex rel. Cason v. Ring
, 41 Ill. 2d 305, 312-15 (1968). In the present consolidated cases, we know from the preamble that the legislature actually intended for the repeal of the Structural Work Act to apply only prospectively. As the majority notes, a preamble is a particularly authoritative statement of legislative intent, having accompanied the underlying bill on its journey through the legislative process. Here, the preamble clearly demonstrates that the legislature did not intend for the repeal of the Structural Work Act to eliminate existing causes of action. Further confirmation for this interpretation, as the majority notes, may be found in the debates of the amendatory legislation, in which the legislative sponsors gave assurances that the repeal would operate only prospectively and would not affect existing causes of action.

In appropriate circumstances, a court construing a statute may supply critical language that is necessary to carry out the legislature's true intent. Thus, it is well established that “this court has the authority to insert into a statute language omitted through legislative oversight” (
People v. Shephard
, 152 Ill. 2d 489, 498 (1992). To be sure, “this technique of construction is to be exercised with caution.” 
Gill v. Miller
, 94 Ill. 2d 52, 58 (1983). In the present case, however, obedience to the literal language of the statute would produce a result that is clearly and demonstrably at odds with the legislature's intent. The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. 
Henry v. St. John's Hospital
, 138 Ill. 2d 533, 541 (1990); 
Stewart v. Industrial Comm'n
, 115 Ill. 2d 337, 341 (1987). Consistent with that principle, I believe that the correct course in this case is to insert within the statutory text the saving clause that the legislature obviously intended to include as part of the new provision yet mistakenly omitted from the enacted version of the bill.

The approach suggested here is consistent with familiar principles of our jurisprudence. In 
People v. McCoy
, 63 Ill. 2d 40, 44 (1976), we quoted the following comments by Judge Learned Hand:

“ `Of course it is true that the words used, even in their literal sense, are the primary, and ordinarily the most reliable, source of interpreting the meaning of any writing: be it a statute, a contract, or anything else. But it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning.' ” 
Cabell v. Markham
, 148 F.2d 737, 739 (2d Cir. 1945).

It requires but little imagination in the present case to see that the legislature intended for the repeal of the Structural Work Act to operate only prospectively, as we know from the preamble to the statute and from the legislative debates of the provision. Because the language used in the body, or purview, of the statute was not equal to that purpose, we should supply the language omitted by the legislature. The legislature clearly intended for the repeal of the Structural Work Act to apply only prospectively. Rather than make a fortress out of the dictionary, we should attempt to carry out the legislature's intended goal.

FOOTNOTES
1:
The legislative debates in this case provide additional evidence of a contrary legislative intent. Representative Lang asked the sponsor of Public Act 89–2 the following question: “So would it be your intent, Sir that if *** presuming the Governor would sign this tomorrow, that any injuries that were sustained today would be actionable and would have the full four year statute of limitations under the current Act?” Representative Churchill answered unequivocally, “Yes.” 89th Ill. Gen. Assem., House Proceedings, February 9, 1995, at 22.

2:
Because we have found that Public Act 89–2 did not unconditionally repeal the Structural Work Act, we need not consider whether the act impermissibly impairs contractual obligations or divests persons of vested rights.