PAOLO CICCONE, Plaintiff, v. DOMINICK'S FINER FOODS, INC., *et al.*, Defendants (Dominick's Finer Foods, Inc., Third-Party Plaintiff-Appellant; Mercuri Sewer Contractors, Inc., Third-Party Defendant-Appellee).

First District (1st Division)   No. 1—99—1100

Opinion filed May 30, 2000.

Querrey & Harrow, Ltd., of Chicago (James N. Kosmond, Julie L. Trester, and Gretchen Cepek, of counsel), for appellant.

Kiesler & Berman, of Chicago (David J. Kiesler, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:
Dominick's Finer Foods, Inc. (Dominick's), appeals from the trial

court's dismissal of count I of Dominick's third-party contribution action against Mercuri Sewer Contractors, Inc.[1] (Mercuri). The court found that Dominick's right to contribution did not accrue prior to the repeal of the Structural Work Act (Act) (740 ILCS 150/0.01 *et seq.* (West 1992)) and that therefore its contribution claim under the Act was barred. The sole issue on appeal is when Dominick's right to contribution accrued under the Structural Work Act. We reverse and remand.

On September 14, 1994, plaintiff Paolo Ciccone (plaintiff), an employee of Mercuri, was allegedly injured while performing his duties on the construction site for an addition to a grocery store owned and managed by Dominick's in the Village of River Grove, Illinois. Dominick's had entered into a contract with Robert F. Phillips Plumbing Company (Phillips) to perform plumbing work at the construction site. Phillips, in turn, had subcontracted with Mercuri to perform part of the job. At the time of his injury, plaintiff was engaged in removing reinforced cement from the work site. He was balancing on a pile of concrete in a Dumpster for support when he fell and sustained his injury.

On September 13, 1996, plaintiff filed suit against Dominick's, Phillips, R.G. Lyon & Associates, Inc., the architectural firm, and Stern-Joglekar, Ltd., the structural engineering firm (defendants). Plaintiff later voluntarily nonsuited R.G. Lyon & Associates and Stern-Joglekar. Plaintiff filed an amended complaint on April 22, 1997. Count I of the amended complaint alleged that defendants proximately caused plaintiff's injuries by violating provisions of the Structural Work Act. Count II alleged negligence. Dominick's filed a motion to dismiss count I of the amended complaint arguing that plaintiff could not claim under the Structural Work Act because the Act was repealed, effective February 15, 1995. Plaintiff responded that his injury occurred before the effective date of repeal. The trial court denied Dominick's motion to dismiss.

On May 1, 1998, Dominick's filed a third-party complaint against Mercuri for contribution under the Joint Tortfeasor Contribution Act (740 ILCS 100/0.02 *et seq.* (West Supp. 1999)). In count I, Dominick's sought contribution from Mercuri based on alleged violations of the Structural Work Act. In count II, Dominick's sought contribution from

---

[1]In both a routine motion to vacate and in its answer to Dominick's third-party complaint, third-party defendant "Mercuri, Inc." noted that it had been improperly sued as "Mercuri Sewer Contractors, Inc." Since both parties refer to "Mercuri Sewer Contractors, Inc." in their briefs, we will use that designation.

Mercuri based on negligence. Mercuri moved to dismiss count I pursuant to section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)) for failure to state a claim upon which relief could be granted. Mercuri alleged that Dominick's right of contribution did not arise until September 13, 1996, the date on which the underlying lawsuit was filed. Mercuri argued that, because this date fell after the repeal date of the Structural Work Act, Dominick's could not allege a cause of action based on the Structural Work Act.

After a hearing, the trial court granted Mercuri's motion to dismiss count I of Dominick's third-party complaint. Citing to *Caballero v. Rockford Punch Press & Manufacturing Co.*, 244 Ill. App. 3d 333, 614 N.E.2d 362 (1993), the trial court stated that a "[r]ight to contribution exists in an inchoate form from the time of the injury to the original claim and accrues for purposes of statutes of limitation, one, when there is no underlying direct action pending and the party seeking contribution makes payment to the injured party, or two, when the party seeking contribution is sued in an underlying direct action and is given notice of the nature of the action upon which the contribution claim is based." The court found that Dominick's right to contribution did not accrue until the date that it was sued by plaintiff and that, since the Structural Work Act was repealed prior to that date, Dominick's third-party contribution claim brought under the Act was barred. The trial court denied Dominick's motion to reconsider and found no just reason to delay appeal of the order. Dominick's filed this timely appeal under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

Our review of the trial court's dismissal of count I of Dominick's third-party complaint pursuant to section 2—615 is *de novo. Doe v. McKay*, 183 Ill. 2d 272, 274, 700 N.E.2d 1018, 1020 (1998). We reverse the trial court's order granting Mercuri's motion to dismiss and remand the case to the trial court.

The Structural Work Act was enacted in 1907 to provide protection to workers employed in extrahazardous activities. 740 ILCS 150/0.01 *et seq.* (West 1992); see *Ralls v. Village of Glendale Heights*, 233 Ill. App. 3d 147, 152, 598 N.E.2d 337, 342 (1992). The purpose of the Act was to remove the fault of the employee as a defense and place the responsibility on the person in charge of the work. *Cutuk v. Hayes/Gallardo, Inc.*, 151 Ill. 2d 314, 320, 602 N.E.2d 834, 836-37 (1992). "The Act applies if, *at the time of an injury*, the worker was engaged in a hazardous task that was essential to the worker's 'structural' work activities, even though he was not directly engaged in a structural work activity at the time of the injury." (Emphasis added.) *Block v. Lohan Associates, Inc.*, 269 Ill. App. 3d 745, 760, 645 N.E.2d 207, 218 (1993). Section 9 of the Structural Work Act provided in pertinent part as follows:

"Any owner, contractor, sub-contractor, foreman or other person having charge of the erection, construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure within the provisions of this Act, shall comply with all the terms thereof \*\*\*.

\* \* \*

For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby \*\*\*." 740 ILCS 150/9 (West 1992).

"[I]n keeping with the statutory intent of protecting those involved in ultrahazardous work, liability may attach to any and all persons or entities who, because of their ownership of the faulty equipment, their knowledge of work practices or their duty to ensure the safety of the construction site, knew or should have known of the violation which gave rise to the cause of action." *Mahoney v. 223 Associates*, 245 Ill. App. 3d 562, 566, 614 N.E.2d 249, 251-52 (1993). The Act does not contemplate strict liability. *Allison v. Shell Oil Co.*, 113 Ill. 2d 26, 35, 495 N.E.2d 496, 501 (1986). Liability accrues only to a party who has charge of the work and who commits a wilful violation of the statute that proximately causes plaintiff's injury. *Hollis v. R. Latoria Construction, Inc.*, 122 Ill. App. 3d 290, 298, 461 N.E.2d 439, 444-45 (1983). Liability may accrue to more than one party. *Emberton v. State Farm Mutual Automobile Insurance Co.*, 71 Ill. 2d 111, 123, 373 N.E.2d 1348, 1353 (1978).

Public Act 89—2 repealed the Structural Work Act, effective February 14, 1995, and provides *in toto*:

"An Act to repeal the Structural Work Act.

WHEREAS, It is the intent of the General Assembly that the repeal of the Structural Work Act shall operate as a bar to any action accruing on or after the effective date of this Public Act; and

WHEREAS, It is the intent of the General Assembly that any action accruing under the Structural Work Act before the effective date of this Public Act may be maintained in accordance with the provisions of that Act as it existed before its repeal by this Public Act; therefore

*Be it enacted by the People of the State of Illinois, represented in the General Assembly*:

(740 ILCS 150/Act rep.)

Section 5. The Structural Work Act is repealed.

Section 99. This Act takes effect upon becoming law.

Approved: February 14, 1995.

Effective: February 14, 1995." Pub. Act 89—2, eff. February 14, 1995.

■ Generally, "the unconditional repeal of a remedial statute without a saving clause stops all pending actions where the repeal finds them." *Atkins v. Deere & Co.*, 177 Ill. 2d 222, 226-27, 685 N.E.2d 342, 345 (1997). Where, as here, the act does not expressly indicate whether it should be applied prospectively or retroactively, it is presumed to apply retroactively. *Atkins*, 177 Ill. 2d at 232, 685 N.E.2d at 347. However, although not part of the act itself, a preamble may be used to rebut this presumption. *Atkins*, 177 Ill. 2d at 232, 685 N.E.2d at 347.

■ The preamble to Public Act 89—2 (Pub. Act 89—2, eff. February 14, 1995) clearly expresses a legislative intent that the act be applied prospectively to "any action accruing on or after the effective date" of the statute. *Atkins v. Deere & Co.*, 177 Ill. 2d at 232-33, 685 N.E.2d at 347-48. Therefore, "any action accruing under the Structural Work Act" prior to the effective date of repeal is preserved. Pub. Act 89—2, Preamble, eff. February 14, 1995. As noted above, an action accrues under the Structural Work Act at the time of injury. Plaintiff's alleged injury occurred in 1994, prior to the date of repeal, and his cause of action under the Structural Work Act was therefore preserved. The question is whether Dominick's may maintain a contribution cause of action under the Structural Work Act. We hold that it may.

■ The Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/0.01 *et seq.* (West 1992)) provides that "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them." 740 ILCS 100/2(a) (West 1992). "[T]he intent of the contribution statute was to reach anyone who is culpable regardless of whether they have been immunized from a direct tort action by some special defense or privilege." *Doyle v. Rhodes*, 101 Ill. 2d 1, 9, 461 N.E.2d 382, 386 (1984).

The Contribution Act applies to a cause of action "arising on or after March 1, 1978." 740 ILCS 100/1 (West 1992). The Contribution Act codified the decision in *Skinner v. Reed-Prentice Division Package Machinery Co.*, 70 Ill. 2d 1, 374 N.E.2d 437 (1977), wherein the supreme court adopted the doctrine of contribution among joint tortfeasors. *Stephens v. McBride*, 97 Ill. 2d 515, 521-22, 455 N.E.2d 54, 58 (1983). In a supplemental opinion filed on denial of rehearing, the *Skinner* court held that its decision applied "prospectively to causes of action *arising out of occurrences* on and after March 1, 1978." (Emphasis added.) *Skinner*, 70 Ill. 2d at 17, 374 N.E.2d at 444. Although the Contribution Act omitted the "out of occurrences" language used in *Skinner*, given the legislature's expressed intent to

follow *Skinner*, the statute applies to causes of action for contribution arising out of torts committed on or after March 1, 1978. *Verson All-steel Press Co. v. Major Spring & Manufacturing Co.*, 105 Ill. App. 3d 419, 421-22, 434 N.E.2d 456, 458-59 (1982). "The 'action' which must arise on or after March 1, 1978, is the plaintiff's cause of action in the underlying lawsuit." *MFA Mutual Insurance Co. v. Crowther, Inc.*, 120 Ill. App. 3d 387, 394, 458 N.E.2d 71, 76 (1983).

As with the Structural Work Act, the date of plaintiff's injury is determinative of whether the Contribution Act applies. The court in *LeMaster v. Amsted Industries, Inc.*, 110 Ill. App. 3d 729, 442 N.E.2d 1367 (1982), *overruled on other grounds, Wilson v. Hoffman Group, Inc.*, 131 Ill. 2d 308, 546 N.E.2d 524 (1989), examined whether a contribution action is available to a party found liable under the Structural Work Act and held as follows:

> "Although liability under the Structural Work Act is not based upon negligence, there can be degrees of fault among those who, under the [Structural Work] Act, are accountable to an injured plaintiff [citation], and as a result, indemnity actions, which require the trier of fact to determine which party is primarily at fault, are allowed under that enactment. [Citation.] A contribution action necessitates a similar weighing of fault, and as a Structural Work Act defendant may shift total responsibility for damages for which he is only technically liable, it would seem to be consistent to allow such a defendant to shift some of the responsibility for damages for which he is partially responsible. *** For these reasons, then, we hold that contribution is available to a party found liable under the Structural Work Act for an injury occurring on or after March 1, 1978 [,the effective date of the Contribution Act]." *LeMaster*, 110 Ill. App. 3d at 733-34, 442 N.E.2d at 1371.

Here, since plaintiff's underlying cause of action arose after March 1, 1978, Dominick's may maintain a contribution action under the Structural Work Act, provided that both Dominick's and Mercuri "are subject to liability in tort arising out of the same injury to person or property." 740 ILCS 100/2(a) (West 1992).

There is no question that both Dominick's and Mercuri are subject to liability in tort arising from the same injury. "Liability is determined at the time of the injury out of which the right to contribution arises, and not at the time the action for contribution is brought. [Citation.] At the time of an injury for which a third-party defendant may be liable in tort, the third-party defendant is in fact 'subject to liability in tort,' " although that liability may be defeated once a defense is established. *People v. Brockman*, 143 Ill. 2d 351, 372, 574 N.E.2d 626, 634 (1991), citing *Doyle*, 101 Ill. 2d at 10-11, 461 N.E.2d at 387. Accordingly, "the right of contribution exists, although

in inchoate form, from the time the person seeking recovery is injured." *Rakowski v. Lucente*, 104 Ill. 2d 317, 321, 472 N.E.2d 791, 793 (1984). It exists when the concurrent acts of the tortfeasors give rise to a cause of action against them and arises "at the same time as the joint tortfeasors become subject to liability." *Rakowski*, 104 Ill. 2d at 322, 472 N.E.2d at 793-94. Here, both Dominick's and Mercuri became subject to potential liability on the date of plaintiff's injury, September 14, 1994, prior to the effective date of the repeal of the Structural Work Act. Although Mercuri would not actually be liable for contribution until Dominick's paid a judgment or settlement, courts have rejected the argument that a cause of action for contribution does not arise until judgment or settlement is paid. See *Verson Allsteel Press Co.*, 105 Ill. App. 3d at 421, 434 N.E.2d at 456.

Mercuri argues that Dominick's cause of action accrued when it was sued in the underlying lawsuit by plaintiff, after repeal of the Structural Work Act, and that therefore Dominick's is barred from pursuing a cause of action under the Structural Work Act. We disagree. Dominick's cause of action did indeed accrue when it was sued by plaintiff, but *for statute of limitations purposes only*. See generally *Caballero v. Rockford Punch Press & Manufacturing Co.*, 244 Ill. App. 3d 333, 614 N.E.2d 362 (1993); *Hahn v. Norfolk & Western Ry. Co.*, 241 Ill. App. 3d 97, 608 N.E.2d 683 (1993); *Highland v. Bracken*, 202 Ill. App. 3d 625, 560 N.E.2d 406 (1990). The court in *Caballero* explained as follows:

> "It is clear from a reading of *Hayes* [*v. Mercy Hospital & Medical Center*, 180 Ill. App. 3d 441, 535 N.E.2d 1137 (1989),] and *Laue* [*v. Leifheit*, 105 Ill. 2d 191, 473 N.E.2d 939 (1984),] that whether an action for contribution is *timely filed* is dependent upon whether there is an underlying direct action pending. Where an underlying direct action is not pending and a joint tortfeasor makes payment to the injured claimant, an action for contribution is *subject to the limitation period* provided in section 13—204 (735 ILCS 5/13—204 (West 1992)). Where an underlying direct action is pending, an action for contribution by a joint tortfeasor is *subject to the same statutes of limitations* and repose that are applicable to the original claimant's cause of action in the underlying direct action. [Citations.]
>
> The right of a contribution action, however, exists in an inchoate form from the time of the injury to the original claimant and *accrues for purposes of statutes of limitations* (1) when there is no underlying direct action pending and the party seeking contribution makes payment or undertakes an obligation to make payment to the injured original claimant, or (2) when the party seeking contribution is sued in an underlying direct action and given notice of

the nature of the action upon which the contribution claim is based." *Caballero*, 244 Ill. App. 3d at 337-38, 614 N.E.2d at 365-66.

The trial court relied on *Caballero* in making its decision. Read in context above, however, it is clear that the language relied on by the trial court pertains solely to the determination of whether a contribution action was filed within the applicable statute of limitations. Whether Dominick's contribution cause of action matured for statute of limitations purposes is not an issue in this case since plaintiff admits that Dominick's filed its contribution action well within the applicable statute of limitations.

■ Our sole determination is limited to whether Dominick's contribution cause of action under the Structural Work Act arose when plaintiff was injured and we have determined that it did. As the court held in *Verson Allsteel Press Co.*, "the statute of limitations appropriately runs from the time when the cause of action ripens [when judgment or settlement is paid or when suit is filed against the defendant/third-party plaintiff] but *the naked right of contribution arises at an earlier time.*" (Emphasis added.) *Verson Allsteel Press Co.*, 105 Ill. App. 3d at 423, 434 N.E.2d at 459. Dominick's cause of action for contribution both arose under the Contribution Act and accrued under the Structural Work Act when plaintiff was injured, prior to the effective date of repeal of the Structural Work Act. Therefore, Dominick's may maintain a contribution action under the Structural Work Act.

The court in *Skinner* stated:

> "We are of the opinion that there is no valid reason for the continued existence of the no-contribution rule and many compelling arguments against it. We agree with Dean Prosser that '[t]here is obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone, according to the accident of a successful levy of execution, the existence of liability insurance, the plaintiff's whim or spite, or his collusion with the other wrongdoer, while the latter goes scot free.' Prosser, Torts sec. 50, at 307 (4th ed. 1971)." *Skinner*, 70 Ill. 2d at 13, 374 N.E.2d at 442.

This same "obvious lack of sense and justice" would occur if a defendant were precluded from seeking contribution under the Structural Work Act because a plaintiff delayed filing under the Structural Work Act until after the effective date of repeal. This would defeat both the purpose of the Contribution Act to enforce an equitable duty to share liability for the wrong done (*Doyle*, 101 Ill. 2d at 14, 461 N.E.2d at 388) and the Structural Work Act to place the responsibility for a

plaintiff's injuries on the person actually in charge of the work which proximately caused the injury (*Hollis*, 122 Ill. App. 3d at 297-98, 461 N.E.2d at 444-45).

For the foregoing reasons, we reverse and remand to the trial court for further proceedings.

Reversed and remanded.

O'MARA FROSSARD, P.J., and RAKOWSKI, J., concur.