CHRISTOPHER BITNER et al., Plaintiffs-Appellants, v. PEKIN MEMORIAL HOSPITAL, Defendant-Appellee.

Third District    No. 3—00—0180

Opinion filed December 22, 2000.

HOLDRIDGE, J., dissenting.

Patrick S. O'Shaughnessy (argued), of Janssen Law Center, of Peoria, for appellants.

Murvel Pretorius, Jr. (argued), and Mary W. McDade, both of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellee.

JUSTICE HOMER delivered the opinion of the court:
Plaintiffs Christopher and Tara Bitner challenge the trial court's

dismissal of a complaint they filed against defendant Pekin Memorial Hospital (Pekin Memorial or the hospital) under the AIDS Confidentiality Act (Act) (410 ILCS 305/1 *et seq.* (West 1998)). We affirm and hold that the Act does not create a cause of action for a law enforcement officer who seeks disclosure of a suspect's human immunodeficiency virus (HIV) test results.

Christopher Bitner is a City of Pekin police officer. On January 24, 1999, during the course of an arrest, he was involved in a fracas in which both he and a suspect, whom he was attempting to subdue, were cut and bleeding. Bitner and the suspect were taken to Pekin Memorial for HIV tests. Bitner requested that the hospital release the results of the suspect's HIV test to him, his department or his doctor. After repeatedly refusing, Pekin Memorial complied with Bitner's request on February 24, 1999. The results of the suspect's test were negative.

Plaintiffs filed an eight-count complaint against the hospital, alleging intentional and, in the alternative, reckless and/or negligent violation of the Act. The complaint also alleged intentional and, in the alternative, negligent infliction of emotional distress based upon the alleged violation of the Act. Each of the counts alleged by Chris was accompanied by a derivative loss of consortium count filed by Tara.

Pekin Memorial moved to dismiss under section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 1998)), arguing that (1) the Act does not mandate disclosure of test results to law enforcement officers; and (2) there is no time frame for disclosure established by the Act. The trial court granted the hospital's motion and plaintiffs now appeal.

## ANALYSIS

■ The judicial role in construing a statute is to ascertain legislative intent and give it effect. *Midstate Siding & Window Co. v. Rogers*, 309 Ill. App. 3d 610, 612, 722 N.E.2d 1156, 1157-58 (1999). In so doing, a court should consider the plain and ordinary meaning of the statutory language in the overall context of the reason and necessity for the statute and its stated purpose. *Illinois Bell Telephone Co. v. Illinois Commerce Comm'n*, 282 Ill. App. 3d 672, 676, 669 N.E.2d 628, 630-31 (1996). The construction of a statute is a question of law which, like a trial court's decision to grant a section 2—615 motion to dismiss, we review *de novo*. *Ciccone v. Dominick's Finer Foods, Inc.*, 313 Ill. App. 3d 738, 740, 731 N.E.2d 312, 315 (2000) (motion to dismiss); *TTX Co. v. Whitley*, 313 Ill. App. 3d 536, 542, 729 N.E.2d 844, 849 (2000) (statutory construction).

■ The purpose of the Act is to protect the public health "by

facilitating informed, voluntary and confidential use of tests designed to reveal HIV infection." 410 ILCS 305/2(3) (West 1998). The Act indicates that the confidentiality requirement was needed because many members of the public are deterred from seeking HIV testing by concern that their test results will be disclosed without their consent. 410 ILCS 305/2(2) (West 1998). The Act therefore provides that individuals tested for HIV may remain anonymous by executing a written informed consent which dissociates individual identity from requests for testing and from test results. 410 ILCS 305/6 (West 1998).

■ The written consent of an individual, however, is not required when that individual may have exposed a law enforcement officer, acting in the line of duty, to HIV. 410 ILCS 305/7(c) (West 1998). Section 9, which controls disclosure under the Act, reflects this difference in consent requirements by providing:

"No person *may* disclose or be compelled to disclose the identity of any person \*\*\* or the results of \*\*\* a test \*\*\* except to the following persons:

\* \* \*

(i) Any law enforcement officer \*\*\* involved in the line of duty in [an incident] \*\*\* that may transmit HIV." (Emphasis added.) 410 ILCS 305/9(i) (West 1998).

To compel compliance, the Act affords a right of action to any person aggrieved by a violation of its provisions. 410 ILCS 305/13 (West 1998).

■ Plaintiffs contend that section 9(i) creates a right of action for a law enforcement officer who is denied access to a suspect's test results. We disagree. It is apparent that the goal of the Act is to protect the confidentiality of HIV test results so that the public will not be deterred from engaging in testing. The consent requirement and disclosure provision further this goal. Although the Act provides an exception to the disclosure provision for law enforcement officers who may have been infected with HIV by a suspect, this does not change the nature of the Act.

Plaintiffs seek to transform the Act into a mechanism that mandates a breach of confidentiality in certain circumstances. Their interpretation, however, is belied by the statutory language. The operative word of the disclosure provision is the term "may." 410 ILCS 305/9(i) (West 1998). The provision does not require that a law enforcement officer receive a suspect's test result. It only authorizes disclosure of the results. Consequently, plaintiffs' interpretation of the Act is thwarted not only by the professed statutory purpose, but also by its plain language.

■ We now turn to plaintiffs' claims of intentional and negligent infliction of emotional distress. In *Majca v. Beekil*, 183 Ill. 2d 407, 701

N.E.2d 1084 (1998), the court held that, without proof of actual exposure to HIV, a common law claim for fear of contracting AIDS is too speculative to be legally cognizable. *Majca*, 183 Ill. 2d at 420, 701 N.E.2d at 1090. Plaintiffs acknowledge this barrier to their cause and premise their emotional distress claims upon the alleged statutory violation discussed above. Having found that plaintiffs have no right of action under the Act, their emotional distress claims must also fail.

Because all of Christopher's claims are without merit, Tara's claims for loss of consortium, which are founded upon Christopher's, are equally untenable.

In sum, the trial court properly dismissed plaintiffs' complaint pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 1998)) for failure to state a claim upon which relief could be granted.

For the aforementioned reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

SLATER, P.J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. The stated purpose of the Illinois AIDS Confidentiality Act is to guarantee the confidentiality of HIV testing and to respect the privacy of those individuals who do not wish to be tested. However, it is clear that certain people are required to be tested, such as in the instant case where the individual came in contact with a law enforcement officer. Obviously, it is also a purpose of the Act to protect the safety of law enforcement personnel who may come in contact with individuals who have HIV. It simply makes no sense to hold that a test can be required, but the medical professional who knows the result is not required to inform the law enforcement officer of the results of the test. To find that disclosure of the test results is not required completely obliterates the law enforcement *exception* to the confidentiality requirement.

For the foregoing reasons, I would hold that a cause of action exists under the Act. I would reverse and remand this matter to the circuit court for further proceedings.